**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1180
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs, and the Class*

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SKENDER ADEMI, *on behalf of himself, FLSA Collective Plaintiffs, and the Class,* | |
| Plaintiff, | Case No.: |
| v. | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| CENTRAL PARK BOATHOUSE, LLC, and DEAN POLL, | Jury Trial Demanded |
| Defendants. | |

Plaintiff SKENDER ADEMI ("Plaintiff ADEMI", or "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, CENTRAL PARK BOATHOUSE, LLC (the "Corporate Defendant"), and DEAN POLL (the "Individual Defendant," and together with Corporate Defendant, "Defendants"), and states as follows:

### INTRODUCTION

1. Plaintiff alleges that, pursuant to Fair Labor Standards Act as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime, due to an invalid tip credit; (2) unreimbursed costs for maintaining uniforms;

(3) unpaid wages due to improper meal credit deductions; (4) statutory penalties; (5) liquidated damages; and (6) attorneys' fees and costs.

2.  Plaintiff further alleges that, pursuant to New York Labor Law ("NYLL"), he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to an invalid tip credit; (2) unreimbursed costs for maintaining uniforms; (3) unpaid wages due to improper meal credit deductions; (4) statutory penalties; (5) liquidated damages; and (6) attorneys' fees and costs.

3.  Plaintiff additionally alleges that Defendants unlawfully retaliated against him, in violation of the FLSA, and thus seeks to additionally recover from Defendants: (1) economic damages; (2) punitive damages; and (3) attorneys' fees and costs.

4.  Plaintiff additionally alleges that Defendants unlawfully retaliated against him, in violation of the NYLL, and thus seeks to additionally recover from Defendants: (1) economic damages; (2) punitive damages; and (3) attorneys' fees and costs.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6.  Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

7.  Plaintiff SKENDER ADEMI is a resident of Putnam County, New York.

8.  Defendants owned and operated a restaurant called Loeb Boathouse (the "Restaurant") located at Park Drive North, E 72nd Street, New York, NY 10021.

9. Corporate Defendant CENTRAL PARK BOATHOUSE, LLC is a domestic liability company organized under the laws of the State of New York, with its principal place of business located at Park Drive North, E 72nd Street, New York, NY 10021, and an address of service of process located at 288 West 52nd Street, New York, NY 10019.

10. Individual Defendant DEAN POLL is the principal and owner of Corporate Defendant. DEAN POLL exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs, and the Class. DEAN POLL frequently visits the Restaurant. DEAN POLL exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs, and the Class. At all times, employees of the Restaurant may complain to DEAN POLL directly regarding any of the terms of their employment, and DEAN POLL would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. DEAN POLL exercised functional control over the business and financial operations of Corporate Defendant. DEAN POLL had the power and authority to supervise and control supervisors of Plaintiff, FLSA Collective Plaintiffs, and Class Members, and could reprimand employees.

11. At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of FLSA.

12. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class Members were directly essential to the businesses operated by Defendants.

3

13.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former front-of-the-house tipped employees, including captains, servers, assistants, bartenders, bussers, runners, and servers among others, employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

15.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper wages, including: (i) unpaid overtime due to an invalid tip credit; (ii) unreimbursed costs for maintaining uniforms; (iii) unpaid wages due to an improperly deducted meal credit; (iv) liquidated damages; and (v) attorneys' fees and costs. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

16.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of FLSA, 29 U.S.C. 216(b). FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

17.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure

4

("F.R.C.P.") Rule 23, on behalf of all current and former front-of-the-house tipped employees, including captains, servers, assistants, bartenders, bussers, runners, and servers among others, employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class Period").

18. All said persons, including Plaintiff, are referred to herein as the "Class." The Class Members are readily ascertainable. The number and identity of the Class Members are able to be determined from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determined from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

19. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number is based are presently within the sole control of Defendants, and there is no doubt that there are more than forty (40) members of the Class.

20. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants of: (i) unpaid wages, including overtime, due to an invalid tip credit; (ii) unreimbursed costs for maintaining uniforms; (iii) unpaid wages due to an improperly deducted meal credit; (iv) failing to provide wage notices to Class Members, at the date of hiring and annually, per requirements of NYLL; and (v) failing to provide proper wage statements per requirements of NYLL.

21. More specifically, with regard to Plaintiff and Class Members, Defendants also failed to pay the proper minimum wage and overtime because Defendants were not entitled to claim any tip credit because they failed to meet statutory requirements under the NYLL. Plaintiff and Class Members suffered from Defendants' failure to pay minimum wage and their proper overtime due to Defendants' invalid tip credit allowance because Defendants (i) failed to properly provide tip credit notice at hiring and annually thereafter; (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding twenty percent (20%) of the total hours worked each workweek; (iii) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period; and (iv) failed to accurately keep track of daily tips earned and maintain records thereof.

22. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

23. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

24. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the

unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

25. Defendants and other employers throughout the state violate NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

26. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiff and the Class within the meaning of NYLL;

b. What are and were the policies, practices, programs, procedures, protocols, and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and Class Members properly;

c. At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and Class Members for their work;

d. Whether Defendants properly notified Plaintiff and Class Members of their hourly rates;

e. Whether Defendants properly provided notice to all tipped employees that Defendants were taking a tip credit;

f. Whether Defendants accurately tracked the amount of tips earned each day and maintained records thereof;

g. Whether Defendants caused tipped employees to engage in non-tipped duties exceeding twenty percent (20%) of each workweek;

h. Whether Defendants took the proper amount of tip credit allowance for each payment period under the NYLL;

i. Whether Defendants provided proper wage statements informing tipped employees of the amount of tip credit taken for each payment period;

j. Whether Defendants properly compensated Plaintiff and Class Members for all hours, including overtime, worked;

k. Whether Defendants reimbursed Plaintiff and Class Members for the cost of maintaining their uniforms;

  l. Whether Defendants took the proper amount of meal credit allowance for each payment period under the NYLL;

  m. Whether Defendants provided wage and hour notice to employees, including, among others, the rate of compensation, trade name of employer, pursuant to the requirements of NYLL; and

  n. Whether Defendants provided proper wage statements to employees as required under NYLL.

## STATEMENT OF FACTS

*Wage and Hour Claims*

27. In or about January 2011, Plaintiff ADEMI was hired by Defendants to work as a server for Defendants' Restaurant located at Park Drive North, E 72nd Street, New York, NY 10021. Plaintiff is still currently employed by Defendants.

28. Throughout Plaintiff ADEMI's employment with Defendants, Plaintiff was scheduled to work seven (7) hours per day for five (5) days per week for a total of thirty-five (35) hours each week. However, for two (2) or three (3) days per week, Defendants would have Plaintiff work double shifts, which were fourteen (14) hours per day. Therefore, Plaintiff was actually working forty-nine (49) or fifty-six (56) hours per week. FLSA Collective Plaintiffs and Class Members were similarly scheduled to work more than forty (40) hours each week.

29. Throughout Plaintiff ADEMI's employment, Defendants paid Plaintiff at the New York State tip credit minimum wage and an improper overtime rate due to an invalid tip credit. FLSA Collective Plaintiffs, and Class Members similarly were paid at the New York State tip credit minimum wage and an improper overtime rate due to an invalid tip credit.

30. At all times, Plaintiff ADEMI, FLSA Collective Plaintiffs, and Class Members were paid at the New York State tip credit minimum wage at an invalid "tip credit" minimum wage. With respect to Plaintiff, FLSA Collective Plaintiffs, and Class Members, Defendants were not entitled to claim any tip credit allowance under the FLSA or NYLL because Defendants (i) failed to properly provide tip credit notice in violation of the FLSA; (ii) failed to inform that tip credit will not apply unless they have been informed of the foregoing tip credit notice requirement in violation of the FLSA; (iii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding twenty percent (20%) of the total hours worked each workweek in violation of the FLSA and NYLL; (iv) failed to accurately track daily tips earned or maintain records thereof; (v) failed to properly provide tip credit notice at hiring and annually thereafter in violation of the NYLL; and (vi) failed to provide a proper wage statement with every payment of wages informing Plaintiff and other tipped employees of the amount of tip credit deducted for each payment period, in violation of the NYLL,

31. Plaintiff ADEMI was required to engage more than twenty percent (20%) of his working time in non-tipped related activities, including polishing silverware; cleaning the stations; and rolling up napkins. Even though Defendants required tipped employees to engage in non-tipped activities for hours exceeding twenty percent (20%) of the total hours worked each workweek, Defendants improperly claimed tip credit for <u>all</u> hours worked by tipped employees.

32. At all relevant times, Plaintiff, FLSA Collective Plaintiffs, and Class Members were not paid overtime premium for hours worked more than forty (40) hours per week due to an invalid tip credit. Defendants knowingly and willfully failed to pay Plaintiff, FLSA Collective Plaintiffs, and Class Members the proper overtime premium rate of time and one half of regular hourly rate for each hour exceeding forty (40) hours per workweek.

33. Throughout Plaintiff's employment with Defendants, Plaintiff was required to maintain his own uniforms. In total, Plaintiff spent forty dollars ($40) a month drying cleaning his uniform. Similarly, FLSA Collective Plaintiffs, and Class Members were also similarly not reimbursed by Defendants for the cost of maintaining their uniforms.

34. Throughout his employment, Defendants improperly deducted a meal credit from Plaintiff ADEMI's wages under FLSA § 203(m) and NYCRR § 146-1.9, without regard to whether the meal credit deducted exceed the meals "reasonable cost"[1], whether the meals provided satisfied New York State's nutritional requirements containing all four (4) food groups[2], and whether employees actually consumed the credited meals or not. Throughout Plaintiff's employment, Defendants improperly deducted for a meal credit because they did not provide a proper meal which includes at least one of the types of food from all four of the following groups: (i) fruits or vegetables; (ii) grains or potatoes; (iii) eggs, meat, fish, poultry, dairy, or legumes; and (iv) tea, coffee, milk, or juice. The meals were inadequate as they were just leftover chicken. The quality of food was so bad because they were leftovers that they were not ever edible. As a result, Plaintiff was not given a proper meal, and Defendants claimed an improper meal credit.

35. In failing to provide proper wage statements and notices, Defendants have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiff's interest in ensuring proper pay. Despite Defendants' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing

---

[1] 29 C.F.R. § 531.3
[2] NYCRR § 146-3.7

11

penalties. *See* N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

36. Due to Defendants' failure to provide legally mandated notices such as earning statements and wage notices, Defendants were able to hide their wrongdoing from employees, and continue to attempt to hide their wrongdoing necessitating the current litigation. The failure to provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiff and Class Members.

37. Defendants knowingly and willfully operated their business with a policy of paying at the New York State tip credit minimum wage and at an improper overtime rate for hours worked over forty (40) in a workweek. Defendants were not entitled to claim any tip credits from Plaintiff, FLSA Collective Plaintiffs, and Class Members under FLSA or NYLL.

38. Defendants knowingly and willfully operated their business with a policy of not reimbursing Plaintiff, FLSA Collective Plaintiffs, and Class Members for maintaining their uniforms.

39. Defendants knowingly and willfully operated their business with a policy of improperly deducting meal credits from Plaintiff, FLSA Collective Plaintiffs, and Class Members.

40. Defendants failed to provide wage notices to employees, at the beginning of employment and annually thereafter, pursuant to the requirements of the NYLL.

41. Defendants knowingly and willfully operated their business with a policy of not providing employees proper wage statements as required under NYLL.

*Retaliation Claims*

42. Starting in late 2014, when Manager Michael Amore began to work at the Restaurant, he approached Plaintiff and asked Plaintiff to be his informant. Manager Michael Amore wanted Plaintiff to report to him whenever other employees did anything that was against Defendants' policy, or whenever any employee made a mistake. When Plaintiff declined, Manager Michael Amore started to retaliate against Plaintiff.

43. Furthermore, in 2018 in response to a previous complaint filed against Defendants by another employee, Plaintiff would complain to Defendants about unpaid minimum wages, unpaid overtime, and not receiving a wage notice. Plaintiff complained to Defendants that because he didn't receive his wage notice he would be unsure of his pay rate and overtime pay rate. Defendants dismissed these complaints, and nothing would be done.

44. In response to the above instance and complaints by Plaintiff, Manager Michael Amore forced Plaintiff to continue to work five (5) days per week, despite Plaintiff's request to work two (2) days per week. Plaintiff would also be forced to work double shifts and shifts that were busier compared to his co-workers. Defendants did this with the intent to make Plaintiff quit. Defendants would allow Plaintiff's co-workers to work two (2) days per week, less hours, and less busier shifts.

45. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and Class Members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

46. Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as fully set forth herein.

47. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

48. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiff within the meaning of FLSA.

49. At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.

50. At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and FLSA Collective Plaintiffs at the proper overtime rate to for their hours worked over forty (40) hours a week. Defendants were not entitled to claim any tip credits under the FLSA.

51. At all relevant times, Defendants willfully failed to reimburse Plaintiff and FLSA Collective Plaintiffs for the cost of maintaining their uniforms, which resulted in them incurring additional damages on top of not being properly compensated for the overtime work they performed for Defendants.

52. At all relevant times, Defendants had a policy and practice of improperly deducting meal credits from Plaintiff and FLSA Collective Plaintiffs regardless of whether the meal credit deducted exceed the meals "reasonable cost", whether the meals provided satisfied New York

State's nutritional requirements containing all four (4) food groups, and whether Plaintiff and FLSA Collective Plaintiffs consumed the meals in question.

53. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will seek leave of Court to amend this Complaint to set forth the precise amount due.

54. Defendants knew of and/or showed a willful disregard for the provisions of FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs their proper wages, including for overtime, when Defendants knew or should have known such was due.

55. Defendants failed to properly disclose or apprise Plaintiff or FLSA Collective Plaintiffs of their rights under FLSA.

56. As a direct and proximate result of Defendants' willful disregard of FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to FLSA.

57. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime due to an invalid tip credit; unpaid wages; reimbursement for costs for maintaining their uniforms; unpaid wages due to improper meal credits; plus an equal amount as liquidated damages.

58. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## <u>VIOLATION OF NEW YORK LABOR LAW</u>

59. Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

60. At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of NYLL, §§ 2 and 651.

61. Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay them the statutory minimum wage and proper overtime premium for their lawful hours worked. Defendants were not entitled to claim any tip credits.

62. Defendants willfully violated Plaintiff's and the Class Members' rights by failing to reimburse them for the cost of maintaining their uniforms.

63. Defendants willfully violated Plaintiff's and Class Members' rights by improperly deducting meal credits from Plaintiff and Class Members regardless of whether the meal credit deducted exceed the meals "reasonable cost", whether the meals provided satisfied New York State's nutritional requirements containing all four (4) food groups, and whether Plaintiffs and Class members consumed the meals in question.

64. Defendants knowingly and willfully operated their business with a policy of not providing Plaintiff and Class Members wage notice, at date of hiring and annually thereafter, as required under NYLL.

65. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements, as required under NYLL. Defendants are required to provide itemized listings of deductions taken on each wage statement. Defendants failed to satisfy the

requirements under the NYLL because such tip credit allowance was never clearly included in wage statements to tipped employees for each payment period.

66. Due to Defendants' NYLL violations, Plaintiff and Class Members are entitled to recover from Defendants unpaid wages, including overtime, due to an invalid tip credit; reimbursement for the cost of maintaining their uniforms; unpaid wages due to improper meal credits; reasonable attorneys' fees; liquidated damages; statutory penalties; and costs and disbursements of the action, pursuant to NYLL.

## COUNT III

### RETALIATION UNDER THE FAIR LABOR STANDARDS ACT

67. Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

68. At all relevant times Plaintiff ADEMI was an employee of Defendants within the meaning of the FLSA, and was a person covered by and intended to benefit from the provisions of the FLSA.

69. Section 15(a)(3) of the FLSA provides that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint . . . under or related to this Act."

70. As alleged herein, Plaintiff ADEMI declined Manager Michael Amore's request to be his informant and complained to Defendants about his wage violations.

71. In response to Plaintiff ADEMI's response and complaints, Defendants gave only Plaintiff ADEMI more work, and longer schedules, in violation of Section 15(a)(3).

72. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff ADEMI seeks an award of liquidated damages; attorneys' fees; and costs, as provided for under the FLSA.

## COUNT IV

## RETALIATION UNDER THE NEW YORK LABOR LAW

73. Plaintiff realleges and incorporates all the foregoing paragraphs of this Class and Collective Action Complaint as if fully set forth herein.

74. At all relevant times Plaintiff ADEMI was an employee of Defendants within the meaning of the NYLL, and was a person covered by and intended to benefit from the provisions of the NYLL.

75. Defendants willfully violated the NYLL by retaliating against Plaintiff ADEMI by giving him more work and longer schedules, after he declined Manager Michael Amore's request and raised concerns about his wages with Defendants.

76. Defendants' actions constitute a violation of Sections 215 of the NYLL. In relevant part, NYLL § 215(1)(a) states:

> No employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company, or any other person, shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general or any other person, that the employer has engaged in conduct that the employee, <u>reasonably and in good faith, believes violates any provision of this chapter</u>, or any order issued by the commissioner. . . . (emphasis added).

77. As alleged herein, Plaintiff ADEMI declined Manager Michael Amore's request to be his informant and complained to Defendants about his wage violations.

78. In response to Plaintiff ADEMI's response and complaints, Defendants gave only Plaintiff ADEMI more work, and longer schedules, in violation of Section 215(a).

79. As a direct and proximate result of Defendants' willful disregard of the NYLL, Plaintiff ADEMI seeks an award of liquidated damages; attorneys' fees; and costs, as provided for under the NYLL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs, and Class Members respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime, due to an invalid tip credit under the FLSA;

d. An award of unpaid wages, including overtime, due to an invalid tip credit under the NYLL;

e. An award of unpaid wages due to Defendants' failure to reimburse for the cost for maintaining their uniforms under FLSA and NYLL;

f. An award of unpaid wages due to Defendants' improper meal credit deduction under the FLSA and the NYLL;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to proper wages pursuant to 29 U.S.C. § 216;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages pursuant to the NYLL;

i.  An award of back pay; front pay; compensatory damages; punitive damages; and all other penalties the Court deems appropriate as a result of Defendants' willful retaliatory conduct against Plaintiff, pursuant to the FLSA and the NYLL;

j.  An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

k.  Designation of Plaintiff as Representatives of FLSA Collective Plaintiffs;

l.  Designation of this action as a class action pursuant to F.R.C.P. 23;

m.  Designation of Plaintiff as Representatives of the Class; and

n.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated: October 6, 2022

Respectfully submitted,
By: ___/s/ C.K. Lee___
　　　C.K. Lee, Esq.

**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs, and the Class*