UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SKENDER ADEMI, on behalf of himself, FLSA Collective Plaintiffs, and the Class,

                          Plaintiff,

v.

CENTRAL PARK BOATHOUSE, LLC, and DEAN POLL,

                          Defendants

Case No. 1:22-cv-08535-CM

---

## BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND FOR COURT FACILITATION OF NOTICE PURSUANT TO 29 U.S.C. § 216(b)

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
10 Bank Street, Suite 700
White Plains, New York 10606
Ezra Alter, Esq.
Nicholas Pasalides, Esq
ealter@eckertseamans.com
npasalides@eckertseamans.com
*Attorneys for Defendants,* **CENTRAL PARK BOATHOUSE, LLC and DEAN POLL**

Dated: May 5, 2023

100309653.1

# TABLE OF CONTENTS

Page(s)

I. PRELIMINARY STATEMENT ................................................................................................ 1

II. LEGAL STANDARD .............................................................................................................. 3

III. ARGUMENT ........................................................................................................................... 4

    1. The Court Should Decline to Conditionally Certify a Class Based Upon Failure to Provide Uniform Maintenance Because CPB Properly Paid Mr. Ademi for Uniform Maintenance Under 12 NYCRR § 146-1.7 ................................................................... 4

    1. The Court Should Decline to Conditionally Certify a Class Based Upon Failure to Provide Uniform Maintenance Because CPB Properly Paid Mr. Ademi for Uniform Maintenance Under 12 NYCRR § 146-1.7 ................................................................... 4

    2. The Court Should Decline to Conditionally Certify a Class Based Upon Improper Meal Credit Deduction Because Records Demonstrate CPB Reimbursed All Deductions ......... 5

    3. CPB Properly Took a Tip Credit ........................................................................................ 6

        A. Plaintiff Fails to Allege He Was Not Provided the Requisite Legal Notice .............. 6

            i) Plaintiff Fails to Provide Any Details on the Notice Provided to Other Employees. ................................................................................................................. 8

        B. Plaintiff's Claim that he Performed two hours of "Sidework" is Insufficient and Implausible ................................................................................................................. 9

            i) Plaintiff's Allegations Are Insufficient to Demonstrate a Common Policy ..... 12

    4. Plaintiff Has Not Made a Modest Factual Showing of a 'Common Policy" Since the Motion Provides Only Vague Details About Other Employees ............................. 12

IV. CONCLUSION ....................................................................................................................... 14

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Brown v. Barnes & Noble, Inc.*,
   252 F. Supp. 3d 255 (S.D.N.Y. 2017)..................................................................................3

*Carvente-Avila v. Chaya Mushkah Rest. Corp.*,
   No. 12-CV-5359 (KBF), 2016 WL 3221141 (S.D.N.Y. Mar. 1, 2016)....................................8

*Flood v. Carlson Restaurants Inc.*,
   94 F. Supp. 3d 572 (S.D.N.Y. 2015)..................................................................................10

*Gamero v. Koodo Sushi Corp.*,
   272 F. Supp. 3d 481 (S.D.N.Y. 2017), aff'd, 752 F. App'x 33 (2d Cir. 2018).........................7

*Gomez v. Kitchenette 123 Inc.*,
   No. 16-CV-3302 (AJN), 2017 WL 4326071 (S.D.N.Y. Sept. 5, 2017)..................................12

*Lianhua Weng v. Kung Fu Little Steamed Buns Ramen Inc.*,
   No. 17 CIV. 273 (LAP), 2018 WL 1737726 (S.D.N.Y. Mar. 26, 2018) ................................14

*Mata v. Foodbridge LLC*,
   No. 14 CIV. 8754 ER, 2015 WL 3457293 (S.D.N.Y. June 1, 2015) .....................................13

*Mendez v. MCSS Rest. Corp.*,
   564 F. Supp. 3d 195 (E.D.N.Y. 2021) ................................................................................8

*Myers v. Hertz Corp.*,
   624 F.3d 537 (2d Cir. 2010)..............................................................................3, 9, 12, 14

*Reyes Cruz v. 70-30 Austin St. Bakery Inc.*,
   No. 18 CIV7408PAEHBP, 2019 WL 1929910 (S.D.N.Y. May 1, 2019) ..........................4, 14

*Sanchez v. JMP Ventures, L.L.C.*,
   No. 13 CIV. 7264 KBF, 2014 WL 465542 (S.D.N.Y. Jan. 27, 2014).....................................13

*Shanfa Li v. Chinatown Take-Out Inc.*,
   No. 16 CIV. 7787 (JCM), 2018 WL 1027161 (S.D.N.Y. Feb. 21, 2018)...............................14

*She Jian Guo v. Tommy's Sushi Inc.*,
   No. 14 CIV. 3946 PAE, 2014 WL 5314822 (S.D.N.Y. Oct. 16, 2014)..................................14

**Statutes**

Fair Labor Standards Act (FLSA), 29 U.S.C. 201, *et seq.*................................................... *passim*

Fair Labor Standards Act §203(m) ..........................................................................................7

Fair Labor Standards Act § 216(b) ..........................................................................................3

**Other Authorities**

29 C.F.R. § 531.56 ................................................................................................................9, 10

29 C.F.R. § 531.56(f) .................................................................................................................11

29 C.F.R. § 531.59(f) ..................................................................................................................7

12 N.Y.C.R.R § 146-1.7 .............................................................................................................4

12 N.Y.C.R. R , § 146-2.2 ......................................................................................................7, 8

12 N.Y.C.R.R. § 146-2.9 ..........................................................................................................10

12 N.Y.C.R.R. § 146-3.3 ..........................................................................................................10

I.  **PRELIMINARY STATEMENT**

Plaintiff's motion asks the court to certify a 216(b) collective action under the Fair Labor Standards Act (FLSA) to redress supposed minimum wage and overtime violations. At the heart of the matter is Plaintiff, Skender Ademi's ("Plaintiff" or "Mr. Ademi") attempt to invalidate a tip credit taken by his employer Central Park Boathouse, LLC ("CPB") at the Loeb Boathouse Restaurant ("the Boathouse") against his minimum wage and overtime rates. In support of the motion, Plaintiff (and no other former employee) offers a declaration containing a dizzying array of demonstrably false, internally inconsistent and remarkably vague accusations which cannot meet the "modest" standard for conditional certification. The Court should take note the degree and scale in which this has occurred, deny the motion and impose costs.

Prior to Plaintiff's filing, Boathouse provided Plaintiff with his complete payroll records, and the Collective Bargaining Agreement[1] between his employer and union. Plaintiff attaches samples of those records as an exhibit to his motion.[2] Nevertheless, Plaintiff has made representations inconsistent with not only fact, but the very records he has introduced as valid.

Plaintiff claims he worked 56 hours per week, but his payroll records from the last six years show that he did not once work that many hours; Plaintiff seeks to form a class including "assistants" and "captains" when the Collective Bargaining Agreement clearly shows no such jobs existed; Plaintiff claims his employer deducted meal credits from his paycheck when on every paycheck, he was provided a credit to offset the deduction (plus the meals for free); Plaintiff asserts he was paid ten dollars per week for Uniform Maintenance when Plaintiff was

---

[1] The Court may recall that at the Rule 16 Conference, Plaintiff's attorney specifically mentioned reviewing the Collective Bargaining Agreement in connection with an arbitration provision.
[2] In the interest of completeness, Boathouse is attaching Plaintiff's complete records for the period at issue in this lawsuit as Exhibit 4.

never paid that exact amount. Plaintiff also contends that such payments were insufficient to cover a forty dollar per month dry cleaning tab, when simple math shows such payments, if they were made in that amount, would have been more than sufficient. Making matters worse, Plaintiff not only swears that these things occurred under the penalty of perjury, but also that other employees (the last names of which, he cannot provide to the court), similarly complained about these non-violations of law. Tellingly, Plaintiff never alleges his union filed any related grievances, and none of the alleged "hundreds" of "front of the house employees" have signed onto this motion (or lawsuit).

  In seeking to invalidate the tip credit, Plaintiff makes two claims: First, he states he was never provided any "tip credit notices", when the FLSA does not require "tip credit notices," just that certain information be provided, orally or in writing in any form. Plaintiff never claims Boathouse failed to provide him with the requisite information. Second, Plaintiff states that he spent more than two hours per shift, "polishing silverware; cleaning the stations; and rolling up napkins", and concludes these activities are "non-tipped activities", which invalidate the tip credit. Plaintiff fails to mention when during his shift the non-tipped activities occurred, which is crucial to determine whether they are indeed "non-tipped activities". Moreover, Plaintiff fails to even estimate how long these activities took either individually or collectively. Rather, he just concludes the law was violated.

  Plaintiff seeks to include other servers in his collective action but fails to provide any level of detail to support his allegations. Rather, his declaration only provides dateless, contextless, and general conversations lacking any relevant details. As to other, non-server, front of the house employees, he fails to provide *any evidence whatsoever* as to their activities at the Boathouse. This type of factual presentation has long been held insufficient

under precedent from this District and Circuit. The court should deny the motion in its entirety.

## II.     LEGAL STANDARD

A proceeding brought under Section 216(b) of the Fair Labor Standards Act is known as a "collective action.' *Brown v. Barnes & Noble, Inc*., 252 F. Supp. 3d 255, 261 (S.D.N.Y. 2017). Although the statute itself does not prescribe the process for collective action approval, "district courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) ... by facilitating notice to potential plaintiffs." *Id.* (citing *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, (1989). Accordingly, "the dissemination of notice in an FLSA collective action is a case management tool that courts may employ in appropriate cases including where notice will facilitate swift and economic justice." *Id.*

The Second Circuit has endorsed a two-stage process for certification of a collective action under Section 216(b) of the FLSA. "The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be similarly situated to the named plaintiffs with respect to whether a FLSA violation has occurred." *Myers v. Hertz Corp*., 624 F.3d 537, 555 (2d Cir. 2010) (internal citations omitted). The court may send the notice once plaintiffs "make a 'modest factual showing' that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Id.* (internal citations omitted). "The modest factual showing cannot be satisfied simply by 'unsupported assertions' but it should remain a low standard of proof… *Id.* (citing *Dybach v. State of Fla. Dep't of Corrections*, 942 F.2d 1562, 1567 (11th Cir. 1991). The statute does not define "similarly situated" but Courts have found the operative test to be "whether there is a factual nexus between the claims of the named plaintiff[s]

3

and those who have chosen to opt-in to the action." *Reyes Cruz v. 70-30 Austin St. Bakery Inc.,* No. 18 CIV7408PAEHBP, 2019 WL 1929910, at *3 (S.D.N.Y. May 1, 2019).

### III. ARGUMENT

1. **The Court Should Decline to Conditionally Certify a Class Based Upon Failure to Provide Uniform Maintenance Because CPB Properly Paid Mr. Ademi for Uniform Maintenance Under 12 NYCRR § 146-1.7**

Plaintiff claims that although CPB paid him ten dollars per week for uniform maintenance, such payments were insufficient because he "spen[t] forty dollars a month dry cleaning and pressing my uniforms". (Ademi Decl. at ¶ 11). Plaintiff further claims that he "often…discussed Defendant's illegal policy of making employees maintain their own uniforms with other employees." (*Id*. at ¶ 11).

Plaintiff's allegations are undercut by his payroll records, which demonstrate that CPB precisely complied with N.Y.C.R.R. 12, § 146-1.7. This law provides for "high" "medium" and "low" payments depending on (1) the amount of employees, (2) the location of the business, (3) the amount of hours worked and (4) the years in question. *Id.* When considering that CPB was located in New York City and had more than ten employees, and comparing the regulations to the time Mr. Ademi worked each week as recorded in his payroll records, it is clear that Plaintiff was paid precisely the amount of money mandated by the regulations and (2) he was not paid the sum of exactly ten dollars.

More puzzling is Plaintiff's contention that ten dollars per week is insufficient to cover a forty dollar per month bill. Indeed, based upon Plaintiff's assertions he would end up with a forty-dollar windfall per year.[3]

---

[3] (52 weeks x $10=520) > ($40 x 12 months =$480)

4

Lastly, Plaintiff, in his sworn declaration, states that he "often" discussed what Plaintiff deemed as an "illegal" policy with employees Taulat, Flamur, and Sany (last names not provided). (Ademi Decl. at ¶ 11). It is difficult to imagine why this would have occurred. As is demonstrated by Mr. Ademi's payroll records, the employees were paid an adjustable amount on every paycheck for ironing/dry cleaning their uniforms at the rate mandated by law. CPB expressly made these payments, as a separate line item on its employees' weekly paychecks.

The right to payments for ironing/dry cleaning was guaranteed in the Collective Bargaining Agreement between the employer and Plaintiff's union, the New York Hotel & Motel Trades Counsel, AFL-CIO (the "Union"). The rate of payment is specified in the CBA (Art. 21 § ¶ 8), and adjusted "as required by state law". (See Exhibit "1"). Plaintiff's egregious request to form a class for this non-violation is based on false assertions which are both internally inconsistent and contradicted by records Plaintiff himself introduces. The entirety of this request and the supposed evidence it relies upon is not only incorrect, but it is also frivolous. The court should impose costs.

> **2. The Court Should Decline to Conditionally Certify a Class Based Upon Improper Meal Credit Deduction Because Records Demonstrate CPB Reimbursed All Deductions**

While Plaintiff correctly states that meals were deducted from his paycheck, he fails to make any mention that these deductions were reimbursed, dollar for dollar, on every paycheck. A review of Plaintiff's payroll records (Exhibit "4") demonstrates that from 2016 until 2018, meals were coded as "Meal 2" on the earnings line of the paycheck. the amounts indicated as Meal 2 were then deducted as notated on the deduction line.

5

Beginning in 2018, the payroll records demonstrate that the meals were coded as Meal TFB, and no deduction appears at all.[4] The payroll records prove that meals provided to Plaintiff during the entire statutory period were free of any charge and therefore do not fall within the ambit of the NYLL or the FLSA. The court should decline to conditionally certify a class based upon this allegation and impose costs against Plaintiff for again making assertions that are either explicitly or impliedly contradicted by the very own payroll records he submits in support.

### 3. CPB Properly Took a Tip Credit

**A. Plaintiff Fails to Allege He Was Not Provided the Requisite Legal Notice**

Plaintiff's brief contends that "as a precondition to paying a tipped employee under minimum wage, the employer must provide its employees with *written notice*." (Pl. Br. at 4). The brief further argues that under the New York Law "failure to provide proper notice is a statutory violation, and invalidates the tip-credit". *Id.* (citing *Reyes v. Sofia Fabulous Pizza Corp.*, 2014 WL 12768922, at *7 (S.D.N.Y. Apr. 7, 2014)). Plaintiff, in his declaration states that "throughout my employment, I was never given any tip credit notices". Taken at face value, Plaintiff, allegation only goes to whether or not he was provided specific written FLSA or DOL notice. It does *not* state that he failed to receive oral notice, or even written notice that was not specifically titled, or he otherwise considers, "tip credit notices".

Paragraph 9 of Plaintiff's declaration demonstrates (1) he understood that CPB was taking a tip credit against his wages. (2) the purpose of the tip credit; and (3) at least some of FLSA/DOL regulations. In Paragraph 9, Plaintiff recounts two separate conversations with three other employees, (both "while…working and on lunch breaks"). Plaintiff alleges that the conversations

---

[4] In the interest of completeness, while no deduction appears for the Meals TFB credit, when totaling Plaintiff's paycheck, it appears that the credit was balanced with a deduction which does not appear. Either way, CPB did not charge Mr. Ademi for any meals.

6

centered on how it was "unfair that we were paid below minimum wage *despite* the extra side work we were doing". (Ademi Decl. at ¶ 9) (emphasis added).  The statement establishes that Plaintiff and his colleagues must have been aware of the tip credit rules as they were paid a set wage for all work that was done—side work and tip work alike.  Their belief that there were violations of specific provisions of the FLSA and NYLL does not tend to demonstrate they lacked notice.

The FLSA does not require a waiter to be provided with "tip credit notices". Section 203(m) and its interpretative regulations generally require that the employer inform the tipped employee of (1) the amount of the cash wage that is to be paid by the employer; (2) the additional amount by which the wages of the tipped employee will be considered increased on account of the tip credit claimed by the employer (i.e the tip credit); (3) that the tip credit cannot exceed the actual value of the tips received by the employee; and (4) that all tips received by the tipped employee must be retained by the employee except for a tip pooling arrangement. *See 29 CFR § 531.59*(f). Additionally, failure to notify a tipped employee of the notice provisions disqualifies the tip credit. *Id.* The FLSA does not require *written* notice of an employer's intent to take a tip credit. *Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 501 (S.D.N.Y. 2017), aff'd, 752 F. App'x 33 (2d Cir. 2018); *See also* DOL Fact Sheet #15 "employers may provide oral or written notice to tipped employees"…

The New York Labor Law ("NYLL") has similar requirements: Pursuant to 12 N.Y.C.R.R, § 146-2.2, the employer is to provide, in writing, "each employee written notice of the employee's regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday." Additionally, unlike the FLSA, the NYLL requires that the notice "shall also state that extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate." *Id.* However, the then General Counsel for

the New York Department of Labor, Pico Ben-Amotz, opined in a 2015 letter, and this district has now held, *that an employer's failure to provide such notice does not invalidate the tip credit*: "[A] food service employer is eligible to claim the tip credit even when [it] fail[s] to provide written notice ... provided that the employer can demonstrate compliance with all the other minimum wage requirements and that their employees understood the manner in which the employer took the tip credit." *Carvente-Avila v. Chaya Mushkah Rest. Corp.*, No. 12-CV-5359 (KBF), 2016 WL 3221141, at *1 (S.D.N.Y. Mar. 1, 2016) citing Mar. 4, 2015 Letter Re: 12 N.Y.C.R.R. §§ 146-1.3 and 146-2.2.[5] The DOL letter referenced in the court's opinion is annexed as Exhibit "2" and referred to herein as the "DOL Letter".

Plaintiff's declaration fails the test for conditional certification because it states only that Plaintiff was not provided "tip credit notices" (Ademi Decl. at ¶ 7). First, like much of Plaintiff's declaration, this assertion is contradicted by documentary evidence. Attached as Exhibit "3" is a DOL form LS-48, pursuant to N.Y.C.R.R 12, § 146-2.2 dated January 3, 2017, and signed by Mr. Ademi, that specifically informs him of his regular rate of pay (i.e. cash wage), his overtime rate, the tip credit, and a specific tipped employee notification stating that if tips are insufficient make up the difference between the cash wage and the minimum wage, then the employer will pay the difference. This is what Plaintiff appears to be referring to as a "tip credit notice". Moreover, Plaintiff does not allege that CPB failed to provide oral notice or other written notice under the FLSA. As is demonstrates above, under the NYLL, failure to provide written notice does not, by itself, invalidate the tip credit.

    i)    *Plaintiff Fails to Provide Any Details on the Notice Provided to Other Employees*.

---

[5] But *See Mendez v. MCSS Rest. Corp.*, 564 F. Supp. 3d 195, 213 (E.D.N.Y. 2021), where the Eastern District declined to follow *Chaya Mushka Rest. Corp.*, because it found that the DOL's interpretation of its own rule was "unreasonable and irrational". *Id.*

*Myers* held Plaintiff must make a "modest factual showing that [Plaintiff] and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." 624 F.3d at 555. Plaintiff's declaration fails to allege a violation of law, and relatedly provides no "factual showing" of a common policy affecting other employees. Plaintiff alleges only that "[o]ther employees employed by Defendants (including, but not limited to, individuals listed in ¶ 3 herein) also were not given tip credit notice." (Ademi Decl. at ¶ 7). However, Exhibit "3" demonstrates Plaintiff is incorrect about receiving a tip credit notice himself. He cannot possibly meet his burden relating to the proposed opt-in members by simply concluding, without anything more, that "other employees… also were not given "tip credit notice". (Id).

### B. Plaintiff's Claim that he Performed two hours of "Sidework" is Insufficient and Implausible

Plaintiff claims that he performed "sidework" for more than two hours per shift, and therefore, CPB is at least partly ineligible to take a tip credit toward his wages under law. He claims that he polished the silverware, cleaned stations, and rolled napkins. No context or time length for any of these activities is provided.

The (Federal) Department of Labor has issued a final rule categorizing a tipped employee's work into three categories: "tip producing work", "directly supporting work", and [w]ork that is not part of the tipped occupation (hereinafter "untipped work"), *See* 29 C.F.R. § 531.56. Under the regulations, an employer may not take a tip credit for the amount of time it requires a tipped employee to do untipped work and an employer can always take a tip credit for "tip producing work" (provided it meets other qualifications). As for "directly supporting work", the regulations require that an employee may work up to 20% of his/her hours in a workweek on "directly supporting work" in order to retain eligibility for a tip credit (hereinafter the "80/20 Rule") and not more than thirty continuous minutes on any task. *Id.* Courts in the Southern District of New York

9

have consistently endorsed the twenty percent rule. *Flood v. Carlson Restaurants Inc.*, 94 F. Supp. 3d 572, 583 (S.D.N.Y. 2015).

Under the New York Labor Law, if a tipped employee performs non-tipped work for (a) two hours or more, or (b) for more than twenty percent of his or her shift, whichever is less, the wages of the employee shall be subject to no tip credit for the day in question." 12 N.Y.C.R.R. § 146-2.9; 12 N.Y.C.R.R. § 146-3.3.

Plaintiff argues CPB's tip credit is partially invalid and seeks to form a Collective Action to include all front of the house employees. Plaintiff's theory is based upon the allegation that "[d]efendants routinely required Plaintiff and Covered Employees to perform more than twenty percent of their working time in non-tipped related activities, including polishing silverware; cleaning the stations; and rolling up napkins." (Pl. Br. at 12, citing Ademi Decl. ¶¶ 8-9). Plaintiff avers that "throughout my employment, for more than two hours a shift…I was polishing silverware; cleaning the stations; and rolling up napkins." (Ademi Decl. ¶¶ 8-9). He further testifies, in a conclusory manner, that "[o]ther tipped employees were similarly required to perform non-tipped related activities for more than two hours a shift… and that my co-workers and I were required to do even more non-tipped sidework during holidays." (Id).

Plaintiff's declaration does even approximate the length of time he spent on any of these tasks, let alone provide any detail substantiating it. There is also no discussion as to why he performed more side work on holidays, or whether that involved performing additional tasks or just more time doing the same. Plaintiff's bare allegations fail to meet the pleading standard or support his own contentions.

Moreover, since Plaintiff is attempting to form a class, there should be some explanation of the quality of the "non-tipped related activities" for the "other tipped employees." Based on the

10

Plaintiff's allegations it is impossible for the Court, or anyone else, to determine, under law, if the work at issue is "tip producing", "tip supporting", or untipped work.

Taking each task in Plaintiff's declaration individually reveals further issues. Plaintiff concludes that "cleaning the stations" is non-tipped work. Under the applicable regulations, tip-producing work includes "all aspects of the service to customers for which the tipped employee receives tips." 29 C.F.R. § 531.56(f). By way of example "[a] server's tip-producing work includes providing table service, such as taking orders, making recommendations, and serving food and drink. Id. Since Plaintiff provides no detail regarding what "cleaning the stations" entails, and when it occurred, it is impossible to know whether Plaintiff is referring to cleaning stations while customers are present, (such as removing courses, or preparing for desert), which would be considered tip-producing, or cleaning once the customers have left, which could be considered "directly supporting". To the extent that Plaintiff is referring to cleaning work once the customers have left, he is describing what is known as "bussing tables" which was the job of the bussers. (*See* Amore Decl. at ¶¶ 5-7) (Exhibit "5").

Plaintiff also claims he "rolled napkins". This is classified as tip-supporting work under the regulations: *See* 29 C.F.R. § 531.56(f): "A server's directly supporting work includes dining room prep work, such as …folding napkins.") At the Boathouse, all servers were required to fold fifty napkins per day. (Amore Decl. at ¶¶ 3-4). This activity took the servers about ten minutes, which would be five napkins per minute. Plaintiff, however, fails to specify how long it took him or others to roll napkins.

Finally, Plaintiff claims he "polished the silverware". The Collective Bargaining Agreement shows clearly that the Boathouse employed Dishwashers and Bussers. At the Boathouse, the dishwashers washed the dishes and the silverware, and the bussers were required

11

to remove any water stains with a rag. (Amore Decl. ¶¶ 8-9). Servers were not required to "polish silverware". (Id). If the waiters gratuitously assisted, this would not take more than twenty minutes. (Id). Again, Plaintiff conveniently does not state how long this activity took him or the other servers.

   i)  *Plaintiff's Allegations Are Insufficient to Demonstrate a Common Policy*

Plaintiff's allegations regarding other employees' performance of tip-related duties is spectacularly vague, and fails to make a "modest factual showing." Plaintiff claims "other tipped employees were similarly required to perform non-tipped related activities for more than two hours a shift." (Ademi Decl. at ¶ 8). But Plaintiff fails to explain what these activities are, who performed them, or how he knows any of this. This vague and conclusory statement, cannot form the basis for the court to certify a collective action to include jobs like "bartender" and "[food] runner". Plaintiff provides no "factual showing" that these other workers "were victims of a common policy or plan that violated the law". *See Myers,* 624 F.3d at 555.

   **4.** **Plaintiff Has Not Made a Modest Factual Showing of a 'Common Policy" Since the Motion Provides Only Vague Details About Other Employees**

"Courts in this circuit have held that although it is possible for a plaintiff to meet his modest burden at the conditional certification stage by relying solely on his own affidavit and allegations in a complaint, without corroboration, the level of detail in that affidavit becomes particularly important in evaluating the sufficiency of the plaintiff's showing." *Gomez v. Kitchenette 123 Inc.*, No. 16-CV-3302 (AJN), 2017 WL 4326071, at *4 (S.D.N.Y. Sept. 5, 2017). "Courts in this Circuit have often declined to certify collectives that included multiple job titles and multiple locations on the basis of a single plaintiff's affidavit". *Id.*

While Plaintiff claims that "[d]efendants employed hundreds of front of the house tipped employees", tellingly, none of them have submitted any statement in support of this motion,

including those whom he references in Paragraph 3 of his Certification. Moreover, while Plaintiff seeks to form a class of employees from seven different jobs, captains, servers, assistants, bartenders, bussers, (food) runners and servers, (some of which are not even real jobs[6]) the only individuals he even vaguely references, are servers. (*See* Ademi Decl. at ¶ 3). Even as to servers, Plaintiff fails to provide their last names, their dates of employment, the dates of the alleged conversations he had with them, their specific duties or the quality of the notice they were provided regarding a tip credit.

Courts have found affidavits with the same defects insufficient. *See Sanchez v. JMP Ventures, L.L.C.*, No. 13 CIV. 7264 KBF, 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014) ("Plaintiff repeatedly states, in substance, that these policies to which he was subjected in his seven months employed by defendants were the 'common practice' based on 'observations' and 'conversations' with other employees (whose first names he lists)…Plaintiff does not, however, provide any detail as to a single such observation or conversation"); *Mata v. Foodbridge LLC*, No. 14 CIV. 8754 ER, 2015 WL 3457293, at *4 (S.D.N.Y. June 1, 2015) ("although Plaintiff relies exclusively on observations of and conversations with coworkers to make the factual showing required of him at this stage of the proceeding, he does not ... provide any detail as to a single ... observation or conversation informing his decision to bring a collective action. Yet, as other courts in this district have held, *information regarding where or when these observations or conversations occurred ... is critical in order for the Court to determine the appropriate scope of the proposed class and notice process*." (emphasis added, internal citations omitted); *Lianhua Weng v. Kung Fu Little Steamed Buns Ramen Inc.*, No. 17 CIV. 273 (LAP), 2018 WL 1737726, at *4 (S.D.N.Y. Mar. 26, 2018)( "apart from the surnames for some other workers, Plaintiffs have

---

[6] The CBA demonstrates there were no "Captains" or "Assistance."

13

failed to provide any probative information, such as their approximate wages, hours, and duties, for employees who were not deliverymen. The fact that employees 'would often complain to each other about our boss's employment policies, especially the pay' does not amount to a legally cognizable claim, let alone a violation of the FLSA."); *She Jian Guo v. Tommy's Sushi Inc*., No. 14 CIV. 3946 PAE, 2014 WL 5314822, at *3 (S.D.N.Y. Oct. 16, 2014) ("that Plaintiffs are 'personally ... aware of several kitchen workers who did not receive the minimum wages and overtime compensation required by law'…are precisely the vague, conclusory, and unsupported assertions that are an insufficient basis for conditional class certification"; *Shanfa Li v. Chinatown Take-Out Inc*., No. 16 CIV. 7787 (JCM), 2018 WL 1027161, at *4 (S.D.N.Y. Feb. 21, 2018) ("the existence of complaints from 'other employees' regarding pay does not suggest that Plaintiffs and all of Defendants' non-managerial employees together were victims of a common policy or plan that violated the law." (internal citations omitted).

"Plaintiff's broad assertions are precisely the vague, conclusory, and unsupported assertions that are an insufficient basis for conditional certification." *Reyes Cruz v. 70-30 Austin St. Bakery Inc*., No. 18CIV7408PAEHBP, 2019 WL 1929910, at *5 (S.D.N.Y. May 1, 2019)(internal citations omitted). Plaintiff was required to "make a modest factual showing that he and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Myers v. Hertz Corp*.**,** 624 F.3d 537, 555 (2d Cir. 2010).

Plaintiff fails in this endeavor.

## IV.    CONCLUSION

For foregoing reasons, the court should deny the motion in its entirety and impose costs associated with its opposition, and for any such other and further relief that the court deems just and proper.

Dated: May 5, 2023
White Plains, NY

                                    /s/ Ezra Alter
                                    Ezra H. Alter, Esq.

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 5, I caused a copy of the foregoing Brief in Opposition to Plaintiffs' Motion for Conditional Certification, and for Court Facilitation of Notice Pursuant to 29 U.S.C. §216(b), with exhibits along with the Declaration of Ezra Alter, Esq. on Plaintiff *via CM/ECF*

Dated:  May 5, 2023                                                         */s/Ezra Alter*
                                                                                           Ezra Alter, Esquire

100309653.1