**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SKENDER ADEMI, *on behalf of himself,*
*FLSA Collective Plaintiffs and the Class*,

                                    Plaintiff,

                v.

CENTRAL PARK BOATHOUSE, LLC, and
DEAN POLL,

                                    Defendants.

**Case No.** 22-cv-08535

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

C.K. Lee, Esq.
**Lee Litigation Group, PLLC**
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs*
*and the Class*

## <u>TABLE OF CONTENTS</u>

**INTRODUCTION**.................................................................................................................... 1

**ARGUMENT** ........................................................................................................................... 1

    I.    PLAINTIFF'S CLAIMS ARE AS MUCH AGAINST INDIVIDUAL DEFENDANT AS AGAINST CORPORATE DEFENDANT ................................................................... 1

    II.   THE ABC CANNOT DISCHARGE EITHER DEFENDANT'S LIABILITY TO PLAINTIFF AND CLASS MEMBERS ............................................................................. 2

    III.  THIS CASE WILL NOT INTERFERE WITH THE ABC PROCEEDING ..................... 3

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Abondolo v. Jerry WWHS Co.*, 829 F. Supp. 2d 120, 126 (E.D.N.Y. 2011) ................................. 3

*Freeman v. Marine Midland Bank-New York*, 419 F. Supp. 440, 447 ......................................... 3

*In the Matter of the General Assignment for the Benefit of Creditors of Central Park Boathouse LLC Assignor to Sari B. Placona, Esq., Assignee* (NY Cty. Sup. Ct. 152223/2024) ..................... 4

## INTRODUCTION

Plaintiff submits this memorandum of law in opposition to Defendants' motion to dismiss this action on the grounds that Defendant Central Park Boathouse LLC ("Boathouse") has initiated an Assignment for the Benefit of Creditors ("ABC") proceeding in New York state court. As detailed below, Defendants' motion should be denied for three reasons. *First*, this lawsuit is against not only the Boathouse but also against Individual Defendant Dean Poll, and the ABC has absolutely no bearing on Plaintiff's and Class members' claims against him. *Second*, unlike bankruptcy proceedings, ABC proceedings do not discharge the debtor's liability. So, while the state court may have jurisdiction over the distribution of assets assigned by the Boathouse pursuant to the ABC, that distribution, however it proceeds, will not extinguish Plaintiff's and Class members' claims against either Individual Defendant Dean Poll or the Boathouse. *Third*, given the posture of this case as contrasted with the ABC in state court, there is no reasonable basis to believe that declining to dismiss this case will lead to some kind of undue interference with the ABC proceeding.

## ARGUMENT

### I.  PLAINTIFF'S CLAIMS ARE AS MUCH AGAINST INDIVIDUAL DEFENDANT AS AGAINST CORPORATE DEFENDANT

Defendants' motion does not so much as mention Plaintiff's claims against Individual Defendant Poll, but they are as much a part of this lawsuit as Plaintiff's claims against the Boathouse. Even if the ABC proceedings offered good grounds to dismiss Plaintiff's claims against the Boathouse, and Plaintiff will explain below that they do not, Defendants do not even attempt to explain why this would be a reason to dismiss Plaintiff's claims against Individual Defendant Poll as well.

Not only does Plaintiff's Complaint allege that Defendant Poll was Plaintiff's and Class members' employer, *see* Dkt. No. 1 at 10, Plaintiff has substantiated that allegation in his recent motion

for partial class-wide summary judgment, where Plaintiff showed that Individual Defendant Poll, by his own admission, satisfies the *Carter* criteria for qualifying as an employer:

> As to the first *Carter* factor, Defendant Poll had the authority to hire or fire employees of the Boathouse. *See* **Exhibit 2** (Poll Dep.) at 24:25-25:5. ("Q. If you wanted to, you could hire or fire employees, right? A. Yes, well, provided it's within the reason of the collective bargaining agreement which we had to adhere to"). As to the second *Carter* factor, Defendant Poll had the authority to determine the work schedules of employees of the Boathouse. *See* **Exhibit 2** (Poll Dep.) at 26:2-8. ("Q. And you can also give employees a day off for bereavement if they request it? A. If it's in the collective bargaining agreement, yes."). As to the third Carter factor, Defendant Poll had responsibility for ensuring that employees are properly paid. *See* **Exhibit 2** (Poll Dep.) at 31:8-13. ("Q. Are you the person who is responsible for ensuring that employees are paid accurately or is it another person? A. Am I the one who ensures, I think I take the responsibility ultimately that they're paid properly."). As to the final *Carter* factor, Defendant Poll had access to and maintains employee records of the Boathouse. *See* **Exhibit 2** (Poll Dep.) at p. 26:6-8 ("Q. And you have access to all the employees' records at the Boathouse, right? A. I believe we do, yes."). There is no genuine question of material fact that Defendant Poll was Plaintiff's and Class members' employer, as he has acknowledged all the elements of employer status in his deposition testimony.

Dkt. No. 77 at 22-23.

Individual Defendant Poll may not attempt to piggyback off the Boathouse's ABC proceeding when that proceeding has no bearing on Plaintiff's claims against him and when he would be personally liable to Plaintiff and Class members for any judgment in this case.

## II.    THE ABC CANNOT DISCHARGE EITHER DEFENDANT'S LIABILITY TO PLAINTIFF AND CLASS MEMBERS

While the ABC procedure has some similarities with bankruptcy proceedings, it is very different insofar as it does not have the effect of discharging a debtor's liabilities:

> A general assignment for the benefit of creditors has been defined as a voluntary transfer by a debtor of all his property, to a trustee of his own selection, for administration, liquidation, and equitable distribution among his creditors. It is distinguishable from a federal bankruptcy proceeding in that no discharge from the assignor's debts is obtainable in an assignment for the benefit of creditors. After a claim is allowed the debtor-assignor continues to remain liable for the unpaid balance of the debt, and the creditor may resort to and pursue such remedies as may be available.

*Freeman v. Marine Midland Bank-New York*, 419 F. Supp. 440, 447 (E.D.N.Y. 1976) (internal quotes and citations omitted)

Given the foregoing, no purpose could be served by dismissing this action. Once the state court ABC proceeding is complete, Plaintiff will still have the same causes of action against all Defendants. The state court has the authority to distribute the assets assigned to the assignee, but it cannot rule that Defendants do not owe Plaintiff and Class members anything beyond the distribution. Were this case dismissed in response to the ABC proceeding, Plaintiff would have to simply reinitiate it once the proceeding concludes, causing needless delay in a case where Plaintiff has already moved for class certification and class-wide partial summary judgment. *See also Abondolo v. Jerry WWHS Co.*, 829 F. Supp. 2d 120, 126 (E.D.N.Y. 2011) ("Because a general assignment does not result in the discharge of the assignor's debts '[t]he creditor is not estopped from exhausting his legal remedies against the assignor.'") (quoting *Swift & Co. v. Novotny*, 28 N.Y.S.2d 562, 563 (Sup. City. N.Y. Cnty. 1941).

## III.    THIS CASE WILL NOT INTERFERE WITH THE ABC PROCEEDING

"Another notable and related difference between an assignment for the benefit of creditors and a federal bankruptcy proceeding is that New York law governing general assignments, unlike the federal bankruptcy law, does not impose an automatic stay on all litigation and arbitration proceedings when an assignment proceeding is commenced." *Abondolo v. Jerry WWHS Co.*, 829 F. Supp. 2d 120, 126 (E.D.N.Y. 2011). While this Court does have the judicial discretion to "stay or dismiss a claim in favor of an assignment proceeding," the ABC court's jurisdiction is not exclusive, and the only legitimate purpose of a stay or dismissal would be to ensure that "the assignment court 'shall have full jurisdiction to do all and every act relating to the assigned estate, the assignees,  assignors and creditors.'" *Id.* at 127 (quoting N.Y. Debtor & Cred. L. § 20).

Here, there is no realistic danger that the proceedings in this Court will in any way interfere with the jurisdiction of the ABC court. On October 24, 2024, the Boathouse's court-appointed assignee filed a motion seeking an order finalizing the ABC procedure, which would include the approval of the assignee's final account and the discharging of the assignee. *See In the Matter of the General Assignment for the Benefit of Creditors of Central Park Boathouse LLC Assignor to Sari B. Placona, Esq., Assignee* (NY Cty. Sup. Ct. 152223/2024) at Dkt. 19-27. So, it is clear that the ABC proceeding will have concluded long before Plaintiff could be in any position to enforce a judgment against either Defendant. The briefings of Plaintiff's motions for class certification and class-wide partial summary judgment were complete only as of November 7, 2024. *See* Dkt. No. 90-92. So, before Plaintiff could possibly seek to enforce any judgment against the Boathouse, the Court would need to adjudicate both motions. Even if summary judgment is ultimately granted, Plaintiff's motion sought a determination only on liability, as Plaintiff requires additional documentation from Defendants to evaluate damages, an issue that may itself require further briefing to the extent the parties disagree on anything. *See* Dkt. No. 77 at 1 ("Classwide damages for Defendants' violations may be calculated later upon the granting of this motion and Defendants' production of complete Class records.").

In short, it is self-evident that the ABC proceeding, now in its final stage, will have concluded long before this case does, for which reason this case hardly threatens the integrity of that proceeding. Accordingly, the Court should not stay or dismiss this action because of a purely theoretical possibility that is exceedingly unlikely to ever materialize. In the improbable event that this somehow changes, Defendants may move for a stay at the appropriate time, but they should not be permitted to use an irrelevant ABC proceeding as an excuse to avoid litigating this case.

Dated: November 18, 2024                                    Respectfully submitted,
       New York, New York

By:     */s/ C.K. Lee*
         C.K. Lee, Esq. (CL 4086)

**LEE LITIGATION GROUP, PLLC**
148 West 24th Street, Eighth Floor
New York, NY 10012
Tel: (212) 465-1188
Fax: (212) 465-1181

*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs,*
*and the Class*

5