**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**SKENDER ADEMI, on behalf of himself, FLSA Collective Plaintiffs, and the Class,**

**Plaintiff,**

**v.**

**CENTRAL PARK BOATHOUSE, LLC, and DEAN POLL,**

**Defendants**

**Case No. 1:22-cv-08535-CM**

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO THEIR SUMMARY JUDGMENT**

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

Nicholas A. Pasalides
10 Bank Street, Suite 700
White Plains, NY 10606
(914) 286-2851
npasalides@eckertseamans.com

*Attorneys for Defendants Central Perk Boathouse LLC and Dean Poll*

**TABLE OF CONTENTS**

ARGUMENT ..... 1

I. PLAINTIFF HAS NOT REBUTTED, LET ALONE ADDRESSED, A SINGLE ELEMENT OF RES JUDICATA, WHICH BARS THE INSTANT ACTION. ..... 1

II. PLAINTIFF DOES NOT DENY THAT THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE ARBITRATION PARTIES. ..... 2

III. PLAINTIFF'S CLAIMS, TO THE EXTENT THEY ARE VIABLE, WHICH THEY ARE NOT, ARE REQUIRED TO BE BROUGHT UNDER THE LMRA. ..... 3

IV. DEFENDANT DEAN POLL IS NOT AN EMPLOYER UNDER THE FLSA OR THE NYLL. ..... 5

V. PLAINTIFF HAS FAILED TO SHOW A VIOLATION OF THE FLSA, INCLUDING FOR RETALIATION. ..... 8

VI. PLAINTIFF RECEIVED PROPER AND VALID TIP CREDIT NOTICES. ..... 9

VII. ALL THE ABOVE ARGUMENTS RELATED TO JURISDICTION APPLY TO THE NYLL CLAIM; AND EVEN IF NOT, THE COURT SHOULD DENY EXERCISING SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS. ..... 9

VIII. PLAINTIFF FAILS TO PRESENT ANY EVIDENCE OF A CONCRETE INJURY. ..... 9

IX. PLAINTIFF FAILS TO PRESENT ANY EVIDENCE SUPPORTING AN AWARD FOR LIQUIDATED DAMAGES. ..... 10

CONCLUSION ..... 10

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Chen-Oster v. Goldman, Sachs & Co.*,
449 F. Supp. 3d 216 (S.D.N.Y. 2020), *objections overruled*, No. 10CIV6950ATRWL, 2021 WL 4199912 (S.D.N.Y. Sept. 15, 2021)........................................2

*Copantitla v. Fiskardo Estiatorio, Inc.*,
788 F. Supp. 2d 253 (S.D.N.Y. 2011)........................................8, 9

*Cullen v. Paine Webber Grp., Inc.*,
689 F. Supp. 269 (S.D.N.Y. 1988) ........................................1

*Davi v. Guinn*,
No. 16-CV-5060 (ERK) (PK), 2024 WL 2746940 (E.D.N.Y. May 29, 2024)..........................5

*DeSilvis v. Nat'l R.R. Passenger Corp.*,
97 F. Supp. 2d 459 (S.D.N.Y 2000)........................................8

*Dougherty v. American Tel. & Tel. Co.*,
902 F.2d 201 (2d Cir. 1990)........................................3

*Fisk v. Letterman*,
501 F. Supp. 2d 505 (S.D.N.Y. 2007)........................................9

*Freeman v. Marine Midland Bank-New York*,
419 F. Supp. 440 (E.D.N.Y. 1976) ........................................1, 2

*Freeman v. River Manor Corp.*,
No. 17CV05162RJDRER, 2019 WL 3578432 (E.D.N.Y. Aug. 5, 2019) ................................4

*Garcia v. Vill. Red Rest. Corp.*,
2017 U.S. Dist. LEXIS 69965 (S.D.N.Y. May 8, 2017)........................................5

*Hernandez v. 2400 Amsterdam Ave. Realty Corp.*,
2024 U.S. Dist. LEXIS 53854 (S.D.N.Y. Mar. 26, 2024) ........................................5, 6

*Hoops v. KeySpan Energy*,
794 F. Supp. 2d 371 (E.D.N.Y. 2011) ........................................4

*Johnson v. D.M. Rothman Co.*,
861 F. Supp. 2d 326 (S.D.N.Y. 2012)........................................4

*Lingle v. Norge Div. of Magic Chef, Inc.*,
486 U.S. 399, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988)..........4

*Loc. 3621, EMS Officers Union, v. City of New York*,
No. 18CV4476LJLJW, 2023 WL 8804257 (S.D.N.Y. Dec. 20, 2023)..........5

*Salamea v. Macy's E., Inc.*,
426 F. Supp. 2d 149 (S.D.N.Y. 2006)..........3

*Tapia v. Blch 3rd Ave. LLC*,
No. 14-CV-8529 (AJN), 2016 U.S. Dist. LEXIS 118313, 2016 WL 4581341
(S.D.N.Y. Sept. 1, 2016)..........7

*Vadino v. A. Valey Eng'rs*,
903 F.2d 253 (3d Cir.1990)..........4

**Statutes**

FLSA..........4, 7, 8, 9

LMRA..........3, 4

New York Labor Law..........4

**Other Authorities**

Federal Rules of Civil Procedure Rule 30(b)(6)..........5

Federal Rules of Civil Procedure Rule 56..........1

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO THEIR SUMMARY JUDGMENT**

On November 21, 2024, Defendants Central Park Boathouse, LLC and Dean Poll, ("Defendant Poll") (collectively the "Defendants") filed a motion for summary judgment requesting the dismissal of the complaint of Skender Ademi (the "Plaintiff") under Rule 56 of the Federal Rules of Civil Procedure, Plaintiff opposed the motion on December 20, 2024 (the "Opposition"). Defendants now submit this Memorandum of Law in Reply to the Opposition and in further support of their Motion for Summary Judgment.

**ARGUMENT[1]**

**I. PLAINTIFF HAS NOT REBUTTED, LET ALONE ADDRESSED, A SINGLE ELEMENT OF RES JUDICATA, WHICH BARS THE INSTANT ACTION.**

A claim is precluded when (i) the earlier proceeding involved an identity of parties, (ii) an identity of cause of action, and (iii) a full and fair opportunity to litigate the matter. *Cullen v. Paine Webber Grp., Inc*., 689 F. Supp. 269, 278 (S.D.N.Y. 1988). Plaintiff attempts to conflate bankruptcy discharge with the application of res judicata. Plaintiff relies on *Freeman v. Marine Midland Bank-New York*, 419 F. Supp. 440, 447 (E.D.N.Y. 1976) to support his proposition that ABC proceedings do not discharge liability. That is of no moment here.

Res judicata precludes Plaintiff from bringing his claims. First, Plaintiff Ademi is the same party in both matters. Second, Plaintiff files a claim through the ABC proceedings for the same causes of action asserted in the instant matter. Finally, Plaintiff was afforded the opportunity to fully litigate the claims but chose not to. Defendants cite *Freeman* for the

[1] Plaintiff alleges that certain pages are missing for Exhibit B. A complete copy of Exhibit B is attached to this reply. In addition, Defendants contemporaneously file a substitute Exhibit B attached to their Motion for Summary Judgment.

proposition that Court's Order settling the assignee's accounts constituted a final judgment on the merits for purposes of res judicata. *See Freeman*, 419 F Supp at 448. The doctrine of res judicata bars Plaintiff from maintaining the claims that Plaintiff was already provided the opportunity to litigate through the ABC proceedings. Plaintiff does not dispute that an assignee's accounts constitute a final judgment, nor any other element analyzed by Defendants.

Alternatively, the ABC proceeding brought the instant dispute to a final and global settlement on all claim and with parties. As discussed in Defendants' Motion for Summary Judgment, Assignee Placona's Affirmation stated: "In order to bring ***finality to this matter,*** the Assignee intends to pay $1,000 to Ademi in satisfaction of his claim." (emphasis added). Plaintiff argues that "the Assignee was obviously not of the impression that the ABC proceeding had put an end to this litigation." ECF 103 at 2. Plaintiff cannot speculate on the Assignee's intention nor is the Assignee's subjective intention relevant. Plaintiff unequivocally agreed to the satisfaction of his claim when he filed a claim consenting to the jurisdiction of the New York State Court and expressly stated that he has no objections to the Order ratifying the settlement.

## II. PLAINTIFF DOES NOT DENY THAT THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE ARBITRATION PARTIES.

Defendants argue that this Court lacks jurisdiction under the FAA ***over certain purported class members****:* as defined in the Motion for Summary Judgment as "Arbitration Parties." Defendants did not include Plaintiff in what they have defined as "Arbitration Parties," yet Plaintiff fabricates an argument and attempts to rebut it. Plaintiff presents no evidence or argument prohibiting the application of the arbitration provisions against the Arbitration Parties. Furthermore, Plaintiff states that Defendants raise the question of arbitration prematurely. However, that Defendants are obligated to raise arbitration at "the earliest possible time." *Chen-*

*Oster v. Goldman, Sachs & Co*., 449 F. Supp. 3d 216, 235 (S.D.N.Y. 2020), *objections overruled*, No. 10CIV6950ATRWL, 2021 WL 4199912 (S.D.N.Y. Sept. 15, 2021).

Plaintiff and the purported class members acknowledge being subject to the CBA, which also has a i) a grievance procedure, and ii) a dispute resolution provision: See Exhibit K to Defendants' Motion for Summary Judgment Article 36 & 37 (ECF 97-23 at 8-11).

Plaintiff concedes that his claims and the claims of the purported class members belong in a forum outside of this Court's jurisdiction — whether that be arbitration or pursuant to the terms of the CBA. *See also* Section III *infra*.

## III. PLAINTIFF'S CLAIMS, TO THE EXTENT THEY ARE VIABLE, WHICH THEY ARE NOT, ARE REQUIRED TO BE BROUGHT UNDER THE LMRA.

Plaintiff's failure to use the requisite grievance and arbitration procedures provided for by the CBA precludes them from bringing the instant action. *See, e.g., Salamea v. Macy's E., Inc*., 426 F. Supp. 2d 149, 156 (S.D.N.Y. 2006); *Dougherty v. American Tel. & Tel. Co*., 902 F.2d 201, 203–04 (2d Cir. 1990) ("Section 301 requires that an employee exhaust the governing CBA's grievance procedures before bringing a claim for breach of a CBA under the LMRA"). Tellingly, Plaintiff does not cite or rely on the applicable provisions of the CBA despite drafting an entire argument on how he believes the CBA's language should be interpreted.

Plaintiff has not exhausted the grievance procedure under Article 36 of the CBA. Plaintiff has not conferred with a representative of the Union and Boathouse regarding the specific claims underlying this action. This alone violates the terms of the CBA and justifies the Court's dismissal Plaintiff's action.

Section 37 of the CBA cited above, provides that "***[a]ny and all*** complaints, disputes or grievances arising between the parties hereto involving questions or interpretation or application

of ***any clause*** of this Agreement, or any acts, conduct or relations between the parties, ***directly or indirectly***. . . shall be referred to the arbitrator."[2] (emphasis added). Plaintiff's arguments that the arbitration language must be "clear and unmistakable" fails. "Plaintiff's claims are precluded or preempted by Section 301 and his entitlement to overtime wages hinges on a contractual right, his initial recourse is through the CBA dispute resolution procedures and the 'clear and unmistakable' standard does not apply." *Freeman v. River Manor Corp.*, No. 17CV05162RJDRER, 2019 WL 3578432 (E.D.N.Y. Aug. 5, 2019) (citations omitted). Section 301 preempts both federal and state law claims that involve interpretation of an underlying CBA. *See Lingle v. Norge Div. of Magic Chef, Inc*., 486 U.S. 399, 413, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988); *Vadino v. A. Valey Eng'rs*, 903 F.2d 253, 266 (3d Cir.1990). The LMRA will preclude such claims that are inextricably intertwined with the terms of a CBA. *Johnson v. D.M. Rothman Co*., 861 F. Supp. 2d 326, 331–32 (S.D.N.Y. 2012) (internal citations omitted). *See also Hoops v. KeySpan Energy*, 794 F. Supp. 2d 371 (E.D.N.Y. 2011).

Here, Defendant Poll expressly stated that employees were paid in according with the terms of the collective bargaining agreement and he could not increase or decrease employee pay. (Exhibit D, Deposition of D. Poll 25:6-22). Plaintiff's claims are based on a failure to pay

---

[2] As part of the Employee Package, the Arbitration Parties executed agreements which stated: "I will submit to the American Arbitration Association ("AAA") for final and binding arbitration . . . ***all claims or controversies*** against the Company or any related individuals/entities ***without limitation arising out of my employment*** or its termination ("Claims"), ***including but not limited to Claims concerning my hours of work, wage rates, compensation paid,*** discipline and discharge; Claims for breach of any contract or covenant whether express or implied. . . and ***Claims for violation of any federal, state or local government law, statute, regulation or ordinance, specifically including, but not limited to, Claims arising under the Fair Labor Standards Act (and all applicable regulations), Claims arising under the New York Labor Law (and all applicable regulations)*** . . .I agree to commence any arbitration against the Company within one year after any such claim and/or controversy arises." (emphasis added).

wages, including overtime. To understand wage and wage deferentials, the Court needs to analyze what Plaintiff was entitled to under the CBA. Specifically, the Court may consider Articles 6 (wages),7 (hours and overtime),12 (holidays), 26 (tips), 48 (tipped employee benefit days) and Schedule A (minimum wages and wage increases).

## IV.  DEFENDANT DEAN POLL IS NOT AN EMPLOYER UNDER THE FLSA OR THE NYLL.

Importantly, the Court should note that Plaintiff repeatedly relies on the deposition of Boathouse on June 17, 2024. This deposition was taken pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, yet Plaintiff attempts to conflate the authority of Boathouse with Defendant Poll in order support a claim of individual liability on Defendant Poll. *See Davi v. Guinn*, No. 16-CV-5060 (ERK) (PK), 2024 WL 2746940, at *12 (E.D.N.Y. May 29, 2024) (noting that 30(b)(6) testimony may not be imputed for individual liability against the individual defendant testifying). *See also Loc. 3621, EMS Officers Union, v. City of New York*, No. 18CV4476LJLJW, 2023 WL 8804257, at *4 (S.D.N.Y. Dec. 20, 2023) ("It is well settled that a witness appearing pursuant to a Rule 30(b)(6) notice has a unique status and testifies as the entity, not as an individual . . . a deposition pursuant to Rule 30(b)(6) is substantially different from a witness's deposition as an individual.") (internal citations omitted).

Plaintiff cites several references to the record. However, not one of them may be applied to distinguish *Garcia* and *Hernandez* to the present case. In *Garcia*, the plaintiffs failed to provide any facts that showed that the owner ever exercised authority over the operation of the restaurant, the employees' terms of employment, and hiring or firing employees. *Garcia v. Vill. Red Rest. Corp.*, 2017 U.S. Dist. LEXIS 69965, at *2 (S.D.N.Y. May 8, 2017). In *Hernandez*, the record reflected that i) defendant was not directly involved with hiring and firing — simply

approving new hires is insufficient; ii) defendant did not supervise or control plaintiff's work schedules and barely even spoke with employees; iii) defendants received supervision and work assignments from individuals other than defendant owner; iv) defendant did not determines pay rates, even though defendant was responsible for sending the checks to plaintiff; and v) despite signing off on time-card and employment records, defendant did not maintain the records. *Hernandez v. 2400 Amsterdam Ave. Realty Corp*., 2024 U.S. Dist. LEXIS 53854, at *7-10 (S.D.N.Y. Mar. 26, 2024).

Plaintiff argues that the *Carter* factors are satisfied because Plaintiff testified that the general manager and Poll interviewed him. However, under *Hernandez*, Plaintiff has no evidence that Defendant Poll was directly involved with his hiring. Even if he was, simply approving new hires is not sufficient. Plaintiff additionally states that Defendant Poll had the authority to hire or fire employees of the Boathouse. This is speculation. Plaintiff surmises that his termination was ultimately at the direction of Defendant Poll because Defendant Poll and Amore would speak multiple times on the phone. Furthermore, there is no evidence that Poll *exercised* his alleged authority to hire or fire employees. Plaintiff uses hypotheticals to support his argument. ECF 79-2 (Poll Dep.) at 24:25-25:5. ("Q. ***If you wanted to***, you could hire or fire employees, right?") (emphasis added). Even if Defendant Dean Poll exercised approval of said decisions, this is insufficient under *Hernandez*.

Plaintiff then argues that Defendant Poll had the authority to determine the work schedules of employees of the Boathouse citing Boathouse's deposition. ECF 79-2 (Poll Dep.) at 26:2-8. ("Q. And you[3] can also give employees a day off for bereavement if they request it? A. If

[3] "You" should be construed as referring to Boathouse. *See* first paragraph of Section IV.

it's in the collective bargaining agreement, yes."). Once again, Plaintiff does not cite any evidence that Defendant Poll exercised any authority over the employee's schedules. Those decisions are within the scope of his general manager. As discussed in Defendants' Motion for Summary Judgment, Defendant Poll did not supervise and control employee work schedules or conditions of employment— Amore did. When Plaintiff approached Defendant Poll about adding additional hours to his schedule, he was told to discuss the matter with Amore and that he knew better. Amore created employee schedules, receiving and tracking sick/vacation days, resolving issues amongst employees, intaking Union and employee complaints, ensuring Union rules were followed and documents were handled, providing notices related to wages and raises, and assigning daily tasks to employees. Indeed, the documents in Plaintiff's employment file corroborate this.

Finally, it is not unusual that an owner of an entity would be able to access the entity's records. However, the record is clear that Defendant Poll did not maintain nor was responsible for maintaining the employee records himself.

Plaintiff argues that Defendant Poll was not "absolutely" detached form the operations of Boathouse. Defendant Poll need not be "absolutely" detached. *See Tapia v. Blch 3rd Ave. LLC*, No. 14-CV-8529 (AJN), 2016 U.S. Dist. LEXIS 118313, 2016 WL 4581341, at *3, *8 (S.D.N.Y. Sept. 1, 2016) (concluding that an individual who was "involved in the general management" of a restaurant, was a part owner who came to the restaurant daily, gave instructions to managers and supervised staff, and reviewed payroll records each week was not an "employer" under the FLSA because he did not hire and fire employees, set schedules or other conditions of employment, or have responsibility for maintaining employment records).

## V. PLAINTIFF HAS FAILED TO SHOW A VIOLATION OF THE FLSA, INCLUDING FOR RETALIATION.

Section V of Plaintiff's Opposition is premised on the assumption that Defendants did not provide proper wage and tip credit notices. However, Plaintiff fails to provide any evidence to rebut the validity of the notices under both the NYLL, *see infra*, and under the FLSA, *see Copantitla v. Fiskardo Estiatorio, Inc*., 788 F. Supp. 2d 253, 287 (S.D.N.Y. 2011) ("[T]he Courts of Appeals have interpreted the notice provision to require ***at the very least*** notice to employees of the employer's intention to treat tips as satisfying part of the employer's minimum wage obligations.") (citations omitted) (emphasis added). For that reason alone, Defendants are entitled to Summary Judgment in their favor. Assuming *arguendo*, the wage and tip notices were invalid, Plaintiff argues that Defendants cannot claim the tip credit to argue that Plaintiff was paid minimum wage. However, even if that is the law, Plaintiff fails to apply the argument with evidence in the record.

In addition, Plaintiff argues that Defendants violated the FLSA because of unlawful deprivations of overtime and because Defendants required Plaintiff and other employees to work 20% of their time on non-tipped tasks. Outside of general legal conclusions, Plaintiff again fails to cite evidence in the record that would suggests the same.

Similarly, Plaintiff fails to cite any evidence of retaliation. First, Plaintiff stated in his September 2024 deposition that he did not complain to Defendants about his wages. Plaintiff argues that he somehow retroactively "disavowed" this statement with another statement in his declaration made over a year before the deposition. Plaintiff did not disavow the statement; he contradicted it. Plaintiff "cannot create a triable issue of fact by submitting an affidavit that denies his previously sworn statements or otherwise contradicts his previous testimony." *DeSilvis*

*v. Nat'l R.R. Passenger Corp*., 97 F. Supp. 2d 459, 462 (S.D.N.Y 2000). Moreover, even if Plaintiff "complained" to defendant, there is no evidence that Defendants understood it as an assertion of Plaintiff's rights under the FLSA, which is required for a retaliation claim.

## VI. PLAINTIFF RECEIVED PROPER AND VALID TIP CREDIT NOTICES.

Plaintiff argues that Defendant may not make alternative arguments in their summary judgment motion. However, Plaintiff does not cite any legal basis for this contention. Plaintiff then argues that Defendants did not provide valid tip credit notices but entirely ignores the notices attached as Exhibit J. Plaintiff does not address why these notices are insufficient under the NYLL or the FLSA. Instead, Plaintiff focuses on whether the CBA constitutes proper notice, which it does under the FLSA. *See Copantitla*, 788 F. Supp. at 287 (S.D.N.Y. 2011).

## VII. ALL THE ABOVE ARGUMENTS RELATED TO JURISDICTION APPLY TO THE NYLL CLAIM; AND EVEN IF NOT, THE COURT SHOULD DENY EXERCISING SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS.

A federal court should decline exercising supplemental jurisdiction over state law claims when all other federal claims have been dismissed. *Fisk v. Letterman*, 501 F. Supp. 2d 505, 528 (S.D.N.Y. 2007) ("When all federal claims are dismissed, district courts should generally decline to exercise supplemental jurisdiction over pendent state law claims") (collecting cases).

## VIII. PLAINTIFF FAILS TO PRESENT ANY EVIDENCE OF A CONCRETE INJURY.

Plaintiff glosses over the issue of standing and a concrete injury in a brief paragraph, simply alluding to a concrete injury with a legal conclusion: "[T]here can be no question that the failure to pay statutorily required minimum and overtime wages constitutes a concrete injury under Article III." Plaintiff has not highlighted any evidence of concrete injury in the record. He only alludes to it.

## IX. PLAINTIFF FAILS TO PRESENT ANY EVIDENCE SUPPORTING AN AWARD FOR LIQUIDATED DAMAGES.

Plaintiff cites testimony from Sebastian Iannici and Dean Poll arguing that both individuals did not know the requirements for taking a tip credit. Neither Mr. Iannici nor Defendant Poll are lawyers. Neither should be expected to testify to any legal conclusions, such as to the legal requirements of a tip credit. Regardless, the inability of Mr. Iannici and Defendant Poll to recite the tip wage laws at the top of their heads does not suggest that Defendants lacked good faith. Regardless of whether they could recite the law, plaintiff does not present facts that Defendants lacked good faith in their dealings with Plaintiff.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their Motion for Summary Judgment,

Dated: White Plains, New York
January 10, 2025

ECKERT SEAMANS CHERIN & MELLOTT, LLC

*/s/ Nicholas A. Pasalides*
By: Nicholas A. Pasalides
10 Bank Street, Suite 700
White Plains, NY 10606
(914) 286-2851
npasalides@eckertseamans.com

*Attorneys for Defendants*

.