UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

SKENDER ADEMI, on behalf of himself, FLSA
Collective Plaintiffs, and the Class,

                        Plaintiff,

    -against-                                    22 Civ. 8535 (CM)

CENTRAL PARK BOATHOUSE, LLC, and
DEAN POLL,

                        Defendants.

--------------------------------------------------------------X

## NOTICE TO COUNSEL

McMahon, J.:

    In accordance with the decision dated September 23, 2025 (Dkt. # 107), the court has drafted the attached notices, one to be sent to the 27 individuals who opted into the FLSA collective action pleaded in the complaint and one to be sent to any individuals who were sent notice of this lawsuit back in 2023 but who did not opt into the collective action. I concluded that separate notices were needed for these two groups of persons.

    These notices are time sensitive and need to go out at the beginning of next week. If counsel for either side believes that either notice should be edited in any way, you have until 5 PM on Friday, October 3 to so advise the court. The court will make final editing decisions.

    As for mailing: The court has no addresses for the 27 opt in plaintiffs (they are redacted from the copies of the opt in notices filed at Docket #51) and neither names nor addresses for anyone else who may have received a notice but elected not to opt in. I have no reason to believe that Central Park Boathouse LLC did not provide Lee Litigation Group with the names and addresses of all former employees who arguably fell within the definition of the Putative Class; in the September 23 Opinion I asked that counsel advise me if my surmise was incorrect and I have received no information to suggest that it was in fact incorrect.

    The Lee Litigation Group is responsible for getting notice out to the 27 Opt In Plaintiffs. Those individuals became clients of Lee Litigation Group when they opted in. Their claims have not been dismissed; they remain clients of Lee Litigation Group. Lee Litigation Group must mail the notice, together with the September 23 Opinion, to the 27 Opt-In Plaintiffs, and provide the court with proof of mailing (under oath).

The court will mail the notice to any remaining Putative Class Members. However, Lee Litigation Group must provide the court, by this Friday, October 3, 2025, at 5 PM, with the names and last known addresses of all individuals who were sent notice of this lawsuit back in 2023 and who did not elect to opt into the FLSA collective. The Lee Litigation Group will be taxed with the cost of sending notice to these individuals.

Dated: September 30, 2025

                                                                _____
                                                                                  U.S.D.J.

BY ECF TO ALL COUNSEL

Attachments: 2 Notices

Notice to the Opt-in Plaintiffs in
*Ademi v. Central Park Boathouse LLC and Dean Poll*, 22 Civ. 8535 (CM)

1 October 2025

Dear Plaintiff:

You are receiving this notice because you are impacted by a recent decision of the United States Court for the Southern District of New York in a lawsuit entitled *Skender Ademi, on behalf of himself, FLSA Collective Plaintiffs, and the Class, against Central Park Boathouse, LLC, and Dean Poll*, Docket No. 22 Civ. 8535 (CM). (the Ademi Lawsuit). The Ademi Lawsuit was filed in the name of Skender Ademi by a law firm known as Lee Litigation Group. It was filed on behalf of Mr. Ademi and all other individuals who were employed by Central Park Boathouse LLC as front-of-the-house tipped employees, which included (among others) captains, servers, assistants, bartenders, bussers, runners, and servers, prior to its closure in October 2022 (the Putative Class). The complaint in the lawsuit alleges that Ademi and other members of the described class are entitled to recover for unpaid wages, including overtime, due to an invalid tip credit, under both the federal Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., and the New York State Labor Law (NYLL), 12 N.Y. Comp. Codes R. 7 Regs., § 146-1 et seq.

This notice explains what has happened during the course of the Ademi Lawsuit. It tells you what your rights are and how they have been impacted by developments in the Ademi Lawsuit and elsewhere. It is an important document. You should read it carefully and discuss it with a lawyer.

### Description of Claims

The complaint filed in the Ademi Lawsuit was brought under two different laws on behalf of two different groups of people: an FLSA "collective" and an NYLL "class."

In order to be a member of the FLSA "collective" and pursue wage and hour claims under federal law, an individual had to "opt in" by indicating that s/he wanted to participate in the lawsuit. You were sent an opt in notice back in 2023, and you returned the notice, which means that you elected to "opt in" to the FLSA collective in order to pursue claims for alleged violations of federal law (the FLSA) by your former employer, Central Park Boathouse LLC, as well as a principal of that entity, Dean Poll. The court was notified on February 16, 2024, that you wanted to participate in the lawsuit and assert your FLSA Claims against Central Park Boathouse LLC and Mr. Poll. (Docket #51 in Case Number 22 Civ. 8535).

At the outset of the case, the Lee Litigation Group represented only Mr. Ademi on his FLSA claims. When you agreed to opt into the lawsuit, you became a party plaintiff in the lawsuit just like Mr. Ademi, and Lee Litigation Group automatically became your lawyers for the purpose of pursuing your federal wage and hour claims.

The wage and hour claims under the New York State Labor Law were brought on behalf of an "opt out" class; there was no requirement that you "opt in" in order to be a part of that class. If you were a front-of house tipped employee at Central Park Boathouse LLC prior to its closure in October 2022, you were automatically deemed to be a member of this class for as long as the lawsuit was maintained as a class action. However, in order for the state law claims to be litigated as a class action, the court was required to certify the class, and to rule that Mr. Ademi and Lee Litigation Group were qualified to represent that class. As you will read below, no such class has been certified.

### Developments in Connection with the Defendants

On or about March 12, 2024, Central Park Boathouse LLC, which went out of business in October 2022, commenced a proceeding called as Assignment for Benefit of Creditors in the New York State Supreme Court. *In the Matter of the General Assignment for the Benefit of Creditors of Central Park Boathouse, LLC, Assignor to Sari B. Placona, Esq., Assignee,* Index No. 152223/2024, Supreme Court New York County ("the ABC Proceeding"). During this proceeding, which concluded in November 2024, all of the assets of Central Park Boathouse LLC were turned over to Attorney Placona as Assignee. Ms. Placona then distributed those assets to various creditors of that company. When all the assets had been distributed, the proceeding concluded and Central Park Boathouse LLC was officially dissolved by the Secretary of State of the State of New York. It no longer exists as a corporation. And while a dissolved corporation can still be sued, Central Park Boathouse LLC has no assets left with which to pay any judgment that anyone might obtain against it.

On July 24, 2024, Lee Litigation Group filed a claim in the ABC Proceeding on behalf of Mr. Ademi and "purported class members." At the time this claim was filed, the FLSA collective had been conditionally certified and you had opted in; however, the New York State Labor Law Class had not yet been certified by the court.

Attorney Placona, the Assignee who controlled all of the assets of Central Park Boathouse LLC, offered to settle "his" (i.e., Mr. Ademi's) claim for the sum of $1,000. Mr. Ademi, represented by Lee Litigation Group, agreed to accept this offer to settle "his" claims. He and his lawyers further agreed not to file, and Lee Litigation Group did not file, any objection to the Assignee's "final accounting" to the court. The final accounting is an explanation to the court of how the assets of the corporation were being distributed.

Although Mr. Ademi purported to be acting on behalf of "purported class members" when he filed his claim in the ABC Proceeding, no separate claim was filed in your name in the ABC Proceeding, and the Assignee did not offer any money to compromise any claim that you personally might have been able to assert against Central Park Boathouse LLC – including specifically the FLSA claims you had already indicated that you wanted to pursue by opting into Mr. Ademi's collective action. Additionally, no claim was filed on your behalf in connection with any claims you might have as a member of the putative (but not yet certified) New York Labor Law class. As far as this court is aware, you did not receive any distribution when the assets of that corporation were distributed, and no one – including specifically Mr. Ademi or Lee Litigation

Group – filed any objection to the fact that you were not allocated any money out of the assets of Central Park Boathouse LLC.

### The Recent Decision of This Court in Mr. Ademi's Lawsuit

On September 23, 2025, the United States District Court for the Southern District of New York issued an opinion that did several things that had an impact on your rights.

First, the court dismissed all of Mr. Ademi's claims against Central Park Boathouse LLC – both his FLSA claims and all the other claims he had asserted against Central Park Boathouse LLC – and held that he could no longer represent the class of persons asserting FLSA claims that you agreed to join. This means that there is at present no representative plaintiff directing this lawsuit. If the lawsuit is to continue as a collective action, a new representative plaintiff needs to agree to take over the prosecution of that aspect of the lawsuit.

Second, the court denied the motion to certify the New York Labor Law case as a class action. It ruled that Mr. Ademi and the Lee Litigation Group could not represent a class of persons asserting wage and hour claims against either Central Park Boathouse LLC or Dean Poll pursuant to the New York State Labor Law. Mr. Ademi was deemed an inadequate class representative because he had settled all his claims against Central Park Boathouse LLC and because he failed to raise any genuine issue of fact tending to show that Poll was his legal employer. The Lee Litigation Group was disqualified from representing any New York Labor Law class because the court was not satisfied that it had adequately represented the interests of you and other putative class members in connection with the ABC Proceeding. This ruling means that the New York Labor Law claims cannot be litigated as a class action, which makes each individual former employee of Central Park Boathouse LLC responsible for bringing and prosecuting his or her own individual claims under the New York Labor Law against Central Park Boathouse LLC and/or Mr. Poll.

Third, the court granted a motion for summary judgment dismissing all claims that Mr. Ademi and all other Opt-in Plaintiffs (including you) had asserted against Dean Poll. The reason for this dismissal was that the record did not raise a genuine issue of fact that Mr. Poll qualified as the "employer" of Mr. Ademi or any of the Opt-in Plaintiffs (including you). This ruling applied, not only to the FLSA claims that were the subject of the collective action you opted into, but also to any claims against Mr. Poll that were asserted by Mr. Ademi and the Opt-in Plaintiffs (including you) under the New York State Labor Law. The reason why the ruling applied to both your federal and state claims is that the definition of "employer" is the same under both federal and state law, and since you were a full party plaintiff in the Ademi Lawsuit by virtue of having opted in, you were just as obliged as Mr. Ademi was to provide evidence that Mr. Poll qualified as your "employer" under the relevant laws. As a result, the recent ruling dismisses any claim of any sort that you might be able to assert against Mr. Poll.

A copy of the court's decision is attached to this notice for your review.

### What This Means For You

*With respect to your federal wage and hour claims*: Even though the court has dismissed Mr. Ademi's FLSA claims, it has not dismissed your FLSA claims. That is because your claims were not settled in connection with the ABC Proceeding, as Mr. Ademi's claims were. Therefore, because you elected to "opt in" to the FLSA collective action, you are free to pursue those claims. But you can only pursue them against Central Park Boathouse LLC, the now-dissolved corporation. You cannot presently pursue any FLSA claims against Mr. Poll, because the court dismissed those claims when it granted Mr. Poll's motion for summary judgment.

Because you opted into the FLSA collective, you are a full party plaintiff in this lawsuit to the extent of your federal claims. As a result, the Lee Litigation Group continues to represent you for as long as you want it to remain your counsel. The firm remains responsible to pursue whatever action you may wish to take against Central Park Boathouse LLC.

You also have a right to take an appeal from the court's decision dismissing your claims against Dean Poll, although no final judgment has yet been entered against Mr. Poll, so there may be procedural reasons why such an appeal cannot presently be filed. The Lee Litigation Group is presently responsible for advising you whether and when you can file such an appeal and for taking any steps necessary to allow you to pursue such an appeal.

You may continue to allow Lee Litigation Group to represent your interests in connection with your federal claims. You may, however, wish to consult with other attorneys before deciding what steps, if any, you might wish to take in order to pursue your FLSA claims, and who should represent you if you decide that the matter is worth pursuing, against either Defendant.

If you want to move to be substituted into this lawsuit as a Named Plaintiff on the FLSA claims, you may do so within 60 days of the date of this Notice. You must be represented by counsel in order to become a representative Plaintiff. You may also choose to pursue your own personal claims independently.

The court cannot advise you about how to proceed; you should consult with counsel about your options.

*With respect to your state law wage and hour claims:* Your claims under the New York State Labor Law can still be pursued. However, you can only pursue those claims against Central Park Boathouse LLC – the dissolved corporation that no longer has any assets. You cannot presently pursue those claims against Dean Poll, because the court ruled that there was no evidence that Mr. Poll was your employer, for purposes of both federal and state law. Because you were represented by Lee Litigation Group in connection with Mr. Poll's motion for summary judgment dismissing all your claims, the fact that no class had been certified with respect to the New York State Labor Law claims was irrelevant to the scope of the court's ruling.

You have a right to take an appeal from the decision dismissing your state law claims against Dean Poll. No final judgment has yet been entered against Mr. Poll; the court cannot advise you as to whether such an appeal must be filed now or can abide the filing of a final judgment against Mr. Poll. You should consult counsel to decide whether to file such an appeal, and to learn

whether that is something you have to do soon or whether it can wait until the court enters final judgment. Again, the court cannot offer you legal advice on these matters.

The statute of limitations on your New York State Labor Law claims against Central Park Boathouse LLC and Dean Poll was tolled (stopped running) on the date Mr. Ademi originally filed his lawsuit as a putative class action – October 6, 2022. This means your right to pursue those claims has not yet expired. However, the statute of limitations began to run again on September 23, 2025 – the date on which the court denied the motion for class certification. Therefore, if for any reason you would want to pursue those claims, you would be well advised to file an individual claim or speak to an attorney promptly.

### Questions About This Notice

Any questions that you may have about this notice should be addressed, in the first instance, to Lee Litigation Group – which remains your attorneys of record in this case – or to some new attorneys if you conclude that Lee Litigation Group should not continue to represent your interests. The court cannot answer questions you may have about this notice.

Dated: October 1, 2025

_____
U.S.D.J.

Notice to Putative New York Labor Law Class Members in
*Ademi v. Central Park Boathouse LLC and Dean Poll*, 22 Civ. 8535 (CM)

1 October 2025

Dear Putative Class Member:

You are receiving this notice because you are impacted by a decision of the United States Court for the Southern District of New York in a lawsuit entitled *Skender Ademi, on behalf of himself, FLSA Collective Plaintiffs, and the Class, against Central Park Boathouse, LLC, and Dean Poll*, Docket No. 22 Civ. 8535 (CM) (the Ademi Lawsuit). The Ademi Lawsuit was filed in the name of Skender Ademi by a law firm known as Lee Litigation Group. It was filed on behalf of Mr. Ademi and all other individuals who were employed by Central Park Boathouse LLC as front-of-the-house tipped employees, which included (among others) captains, servers, assistants, bartenders, bussers, runners, and servers (the Putative Class Members). The complaint in the lawsuit alleges that Ademi and other Putative Class Members are entitled to recover for unpaid wages, including overtime, due to an invalid tip credit, under both the federal Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., and the New York State Labor Law (NYLL), 12 N.Y. Comp. Codes R. & Regs. § 146-1 et seq.

This notice explains what has happened during the course of the Ademi Lawsuit. It tells you what your rights are and how they have been impacted by developments in the Ademi Lawsuit and elsewhere. It is an important document. You should read it carefully and discuss it with a lawyer.

### Description of Claims

The complaint filed in the Ademi Lawsuit was brought under two different laws on behalf of two different groups of people: an FLSA "collective" and an NYLL "class."

In order to be a member of the FLSA "collective" and pursue wage and hour claims under federal law, an individual had to "opt in" by indicating that s/he wanted to participate in the lawsuit. You were sent an opt in notice back in late 2023. You did not return the notice, so you chose not to "opt in" to the FLSA collective in order to pursue claims for alleged violations of federal law by your former employer, Central Park Boathouse LLC, and a principal of that entity, Dean Poll. The statute of limitations having run, you no longer have the right to assert any claims for wages and hours violations under the FLSA against your former employer or Mr. Poll. (Docket #51 in Case Number 22 Civ. 8535).

The wage and hour claims under the New York State Labor Law were brought on behalf of an "opt out" class and did not require you to "opt in." If you were a front-of house tipped employee at Central Park Boathouse LLC prior to its closure in October 2022, you were automatically deemed to be a member of this class for as long as the lawsuit was maintained as a class action. However, in order for the state law claims to be litigated as a class action, the court

was required to certify that the case could proceed as a class action, and that Mr. Ademi and Lee Litigation Group were qualified to represent that class. As you will read below, that did not happen.

### Developments in Connection with the Defendant Central Park Boathouse LLC

On or about March 12, 2024, Central Park Boathouse LLC, which went out of business in October 2022, commenced a proceeding called an Assignment for Benefit of Creditors in the New York State Supreme Court. *In the Matter of the General Assignment for the Benefit of Creditors of Central Park Boathouse, LLC, Assignor to Sari B. Placona, Esq., Assignee,* Index No. 152223/2024, Supreme Court New York County ("the ABC Proceeding"). During this proceeding, which concluded in November 2024, all of the assets of Central Park Boathouse LLC were turned over to Attorney Placona as Assignee. Ms. Placona then distributed those assets to various creditors of that company. When all the assets had been distributed, the proceeding concluded and Central Park Boathouse LLC was officially dissolved by the Secretary of State of the State of New York. It no longer exists as a corporation. And while a dissolved corporation can still be sued, Central Park Boathouse LLC has no assets left with which to pay any judgment that anyone might obtain against it.

On July 24, 2024, Lee Litigation Group filed a claim in the ABC Proceeding on behalf of Mr. Ademi and "purported class members." At the time this claim was filed, you had already chosen not to "opt in" to the FLSA Collective that had been conditionally certified. Moreover, the New York State Labor Law class of which you were technically an "opt out" member had not yet been certified by the court to proceed as a class action. Nonetheless, you were a "purported class member."

Attorney Placona, the Assignee who controlled all of the assets of Central Park Boathouse LLC, offered to settle "his" (i.e., Mr. Ademi's) claim for the sum of $1,000. Mr. Ademi, represented by Lee Litigation Group, agreed to accept this offer to settle "his" claims. He and his lawyers further agreed not to file, and Lee Litigation Group did not file, any objection to the Assignee's "final accounting" to the court. The final accounting is an explanation to the court of how the assets of the corporation were being distributed.

Although Mr. Ademi purported to be acting on behalf of "purported class members" when he filed his claim in the ABC Proceeding, no separate claim was filed in your name in the ABC Proceeding, and the Assignee did not offer any money to compromise any claim that you personally might have been able to assert against Central Park Boathouse LLC under the New York Labor Law. That final accounting did not indicate that any money was to be paid to you as a member of the as-yet-uncertified "opt out" New York Labor Law class, nor did it indicate that your claims under that law were resolved. As far as this court is aware, you did not receive any distribution when the assets of that corporation were distributed, and no one, including specifically Mr. Ademi or the Lee Litigation Group, filed any objection to the fact that you were not allocated any money out of the assets of Central Park Boathouse LLC.

The ABC Proceeding did not affect anyone's rights against Dean Poll – only against Central Park Boathouse LLC.

## The Recent Decision of This Court in Mr. Ademi's Lawsuit

On September 23, 2025, the United States District Court for the Southern District of New York issued an opinion that did several things.

First, it dismissed all of Mr. Ademi's claims against Central Park Boathouse LLC, including both his FLSA claims and his claims under the New York Labor Law, which he had brought on behalf of a class that putatively included you.

Second, the court denied the motion to certify the New York Labor Law case as a class action. It ruled that Mr. Ademi and the Lee Litigation Group could not represent a class of persons asserting wage and hour claims against either Central Park Boathouse LLC or Dean Poll pursuant to the New York State Labor Law. Mr. Ademi was deemed an inadequate class representative because he had settled all his claims against Central Park Boathouse LLC and because he failed to raise any genuine issue of fact tending to show that Poll was his legal employer. The Lee Litigation Group was disqualified from representing any New York Labor Law class because the court was not satisfied that it had adequately represented the interests of you and other putative class members in connection with the ABC Proceeding. This ruling means that the New York Labor Law claims cannot be litigated as a class action, which makes each individual former employee of Central Park Boathouse LLC responsible for bringing and prosecuting his or her own individual claims under the New York Labor Law against Central Park Boathouse LLC and/or Mr. Poll.

Third, the court granted a motion for summary judgment dismissing all claims that Mr. Ademi had asserted against Dean Poll. The reason for this dismissal was that the record did not raise a genuine issue of fact that Mr. Poll qualified as Mr. Ademi's "employer." However, this ruling bound only Mr. Ademi and certain individuals who had "opted into" the FLSA collective action. Since you did not "opt in" to the FLSA collective action, the ruling granting Mr. Poll's motion for summary judgment does not apply to your claims against him, and does not affect your ability to sue Mr. Poll for New York State Labor Law violations on the ground that he was your "employer" for the purposes of that statute.

A copy of this decision is attached to this notice for your review.

## What This Means For You

*With respect to your federal wage and hour claims*: Because you elected not to "opt into" the FLSA collective action, you were not a party to that aspect of this case and you are not able to pursue claims against either Central Park Boathouse LLC or Dean Poll under the Fair Labor Standards Act.

*With respect to your state law wage and hour claims:* You can still pursue your claims under the New York State Labor Law, against both Central Park Boathouse LLC and Mr. Poll. However, there is no "representative plaintiff" or law firm currently prosecuting those claims on your behalf. If you wish to pursue those claims, against either the now-defunct Central Park Boathouse LLC or against Mr. Poll, you will have to file them yourself. And because the lawsuit

will assert only claims under state law, it may not be possible to file it in this court, which is a federal court. The court cannot advise you on such matters; you should consult with attorneys – either the Lee Litigation Group, which originally brought suit on your behalf, or independent counsel – in order to make informed decisions about what to do with respect to your New York Labor Law claims.

You are advised that the statute of limitations on your New York State Labor Law claims against Central Park Boathouse LLC and Dean Poll was tolled (stopped running) on the date Mr. Ademi filed his lawsuit as a putative class action – October 6, 2022. This means your right to pursue those claims has not yet expired. However, the statute began to run again on September 23, 2025 – the date on which the court denied the motion for class certification. Therefore, if for any reason you would want to pursue those claims, you would be well advised to file an individual claim or speak to an attorney promptly.

### Questions About This Notice

Any questions that you may have about this notice should be addressed, in the first instance, to Lee Litigation Group (which originally filed claims on your behalf, although the court has declined to authorize Lee Litigation Group to represent you as a class member), or to some new attorneys if you conclude that Lee Litigation Group should not continue to represent your interests. The court cannot answer questions you may have about this notice.

Dated: October 1, 2025

_____
U.S.D.J.