UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

SKENDER ADEMI, on behalf of himself, FLSA
Collective Plaintiffs, and the Class,

                       Plaintiff,

      -against-                                           22 Civ. 8535 (CM)

CENTRAL PARK BOATHOUSE, LLC, and
DEAN POLL,

                      Defendants.

---------------------------------------------------------------X

## ORDER STAYING PROCEEDINGS

McMahon, J.:

      I have received Mr. Lee's letter dated October 3, 2025, in which he alerts me to the filing of a notice of appeal from two aspects of the court's September 23, 2025 decision (Dkt. #107) – specifically, from (1) the court's denial of the plaintiff's motion for certification of a class of persons asserting claims against defendants under the New York Labor Law (Dkt. #73) and (2) its denial of plaintiff's motion for partial summary judgment (Dkt. #76).

      The denial of the motion for certification of the class is one of the limited number of interlocutory orders that can be immediately appealed – but it can only be appealed by permission. Fed. R. Civ. P. 23(f). It is entirely within the discretion of the Court of Appeals whether to entertain such an appeal. Under Rule 23(f), a party wishing immediate review of an order denying class certification must file a petition for permission to appeal (not a notice of appeal) with the Circuit Clerk within 14 days after entry of the district court's order denying the motion. Fourteen days

from September 23 was yesterday, October 7, so I believe the period for filing such a petition expired yesterday.[1]

Per this court's docket, Mr. Lee has filed a notice of appeal, but that does not appear to be the proper procedure for asking permission to take an appeal from the denial of a motion for certification of a class. We checked the docket in the Second Circuit (25-2411) this morning and we see no "petition" as required by Rule 23(f).[2] Whether Lee Litigation Group has complied with the requirements of Rule 23(f) is a matter between that firm and the Second Circuit. Ironically, if Lee Litigation Group failed to comply with the requirements of Rule 23(f), it would be of a piece with the reasons why this court concluded that the firm would not adequately represent the proposed New York Labor Law class.

The above discussion is addressed only to that aspect of the plaintiff's notice of appeal that concerns denial of class certification. The court's order denying Ademi's motion for partial summary judgment on the New York Labor Law claims is not a final judgment and cannot be appealed on an interlocutory basis. Mr. Lee's notice of appeal is to that extent of no force and effect and it certainly does not deprive this court of jurisdiction to move this lawsuit along.

Under Rule 54(b), a district court can enter a final judgment as to one or more claims or parties, but fewer than all, only if the court determines there is no just reason for delay. But if the court does not explicitly direct entry of a final judgment, then any order or decision that

---

[1] The 14 days are measured starting on September 24 (Day 1) and weekends and holidays are not excluded. Fed. R. Civ. P. 6(a)(1).

[2] Such a petition has to demonstrate "either (1) that the certification order will effectively terminate the litigation and there has been a substantial showing that the district court's decision is questionable, or (2) that the certification order implicates a legal question about which there is a compelling need for immediate resolution," *Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd.*, 262 F.3d 134, 139 (2d Cir. 2001)). Nothing presently on the Circuit's docket makes such a showing. I question whether the bare notice of appeal filed by Lee Litigation Group can be treated as the petition required by the Rule. But that is not for me to decide.

"adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" is not considered final and no interlocutory appeal lies in a federal action. Because the order in *Ademi* denying partial summary judgment did not dispose of all the underlying claims and parties, and the court did not direct (and does not intend to direct) entry of a partial final judgment,[3] the order denying partial summary judgment motion is simply a non-appealable interlocutory decision. This is consistent with decisions from courts in this Circuit holding that an order granting or denying a summary judgment motion cannot form the basis of an appeal. *See, e.g., Sahu v. Union Carbide Corp.*, 475 F.3d 465, 466 (2d Cir. 2007) (a partial grant of summary judgment is an interlocutory order); *LaTrieste Rest. & Cabaret, Inc. v. Vill. of Port Chester*, 96 F.3d 598, 599 (2d Cir. 1996). The Second Circuit will presumably deal with that aspect of the notice of appeal in its own good time.

However, the filing of the notice of appeal – even if, as I suspect, it turns out to be procedurally defective – presents the court with a dilemma.

Unless and until some court (this court or the Court of Appeals) directs that this action be stayed pending an accepted appeal from this court's order denying the motion for class certification, this action is not stayed. Fed. R. Civ. P. 23(f). I consider the appeal to be not only procedurally defective but meritless, so I would not ordinarily enter a stay of proceedings. But because I declined to certify the New York Labor Law class, the toll of the statute of limitations on putative class members' claims under the New York Labor Law, which became effective on the day the complaint was filed, expired on the day my decision was entered on the docket – September 23, 2025. Absent members of the proposed New York Labor Law class who wish to assert their NYLL claims now have to contend with the fact that the statute of limitations is running on their

---

[3] Lee Litigation Group did not move pursuant to Fed. R. Civ. P. 54(b) for entry of an order entering partial final judgment in connection with the denial of its motion for partial summary judgment.

claims. The court has no wish to compromise the interests of these individuals; they have already been sufficiently compromised.

In his October 3 letter, Mr. Lee asks that the court "stay" its "directives" at Dkt. #108 – specifically, as I understand it, the directive to provide notice to absent New York Labor Law class members about (1) the court's refusal to certify the class, (2) the current status of defendant Central Park Boathouse LLC, and (3) the options of absent class members going forward.[4] Thanks to Mr. Lee, I have the names and addresses of the absent class members who did not opt into the Fair Labor Standards Act collective action pursuant to 29 U.S.C. § 216(b), so I am able to alert those individuals to the fact that they may need to move promptly to protect their rights. However, if the Second Circuit were to reverse this court's order denying class certification on appeal – a prospect I obviously deem unlikely, but a possibility nonetheless – then receipt of a notice from the court (see Dkt. #108), followed by rescission of that notice, would no doubt be confusing to these unsophisticated individuals.

I conclude that the appropriate course of action to protect the rights of the absent NYLL Class Members is to revive and continue the toll of the statute of limitations until such time as the Second Circuit does whatever it is going to do. The toll of the statute is hereby reimposed nun pro tunc to September 23, 2025. It will expire upon the earliest to occur of the following:

> (1) If the Second Circuit dismisses the "appeal" from the denial of the motion for class certification for failure to comply with the requirements of Rule 23(f); or
>
> (2) If the Second Circuit denies leave to appeal from the denial of the motion for class certification; or

---

[4] Ademi's motion for partial summary judgment did not address the FLSA collective action, so the notice the court ordered sent to members of the FLSA collective still needs to be sent.

(3) When the mandate issues if the Second Circuit agrees to take the appeal and decides it.

The action is not otherwise stayed, however; the stay extends only to the continuation of the toll of the statute of limitations on claims under the New York Labor Law.

### Conclusion

The "motion" contained in Mr. Lee's letter of October 3, 2025 (Dkt. #109) is granted to the extent of tolling the running of the statute of limitations nunc pro tun to September 23, 2025, until such time as the Second Circuit decides whether to consider an interlocutory appeal from this court's denial of the motion for class certification, and if it does not, until it issues the mandate deciding that appeal. The motion for a stay of proceedings is otherwise denied.

If the Clerk of Court has marked the letter at Docket #109 as a motion, it should be removed from this court's list of open motions.

This constitutes the decision and order of the court. It is a written decision.

Dated: October 8, 2025

_____
U.S.D.J.

BY ECF TO ALL COUNSEL