

Eckert Seamans Cherin & Mellott, LLC
10 Bank Street, Suite 700
White Plains, NY 10606

TEL:   (914) 949-2909
FAX:   (914) 949-5424
www.eckertseamans.com

Nicholas Pasalides, Esq.
Direct Dial: (914) 286-2851
npasalides@eckertseamans.com

December 3, 2025

***Via ECF***

Hon. Honorable Colleen McMahon,
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

> **Re:**    *Skender Ademi v Central Park Boathouse, LLC  et al*
>              Case No.:  1:22-cv-08535

Dear Judge McMahon,

Our firm is counsel to the Central Park Boathouse LLC and Dean Poll (collectively the "Defendants")  in the above referenced matter.

Defendants respectfully submit this letter in opposition to Lee Litigation's  recent requests for (a) production of absent class members' contact information for purported notice efforts and (b) certification of a partial final judgment or other interlocutory appellate relief. Both requests should be denied as they contravene the Court's express directives, lack legal and procedural foundation, and would impose unnecessary burden and cost on Defendants.

First, Lee Litigation has no basis to demand absent proposed class members' contact information. The Court's September 23, 2025, Decision and Order [ECF Doc No. 107] expressly states that the Court—not Lee Litigation—will send the requisite notices via mail. Nothing in that ruling directs or authorizes Lee Litigation to issue notices or to collect the absent proposed class members' contact data. Lee Litigation's assertion that "the Court-distributed notice by email and text will be more cost efficient, appropriate and ensure that the most recipients receive and read the Court-distributed notices," is baseless.  If the Court intended that notices be disseminated by email or text or by counsel, it would have explicitly so ordered; it did not. Accordingly, Defendants have no obligation to furnish the requested information, and Lee Litigation has offered no explanation how commandeering this data would assist it in complying with the Court's September 23, 2025 Decision and Order. Should the Court nevertheless direct production, any such order should require Lee Litigation to bear Defendants' time, costs, and expenses associated with assembling the requested information.

Second, Lee Litigation's bid for interlocutory appellate relief fails outright. It seeks Rule 54(b) relief yet provides no analysis whatsoever addressing the standard, including the necessary express determination that there is no just reason for delay. Rule 54(b) permits entry of final judgment on



fewer than all claims only upon such an express determination, and the Second Circuit has emphasized the narrowness of this avenue.[1] Here, Lee Litigation neither filed the required motion nor supplied the mandatory showing; it merely filed a letter devoid of the necessary legal and factual analysis. That omission is fatal. Courts have long held that certification under Rule 54(b) is to be exercised sparingly, not routinely or as a courtesy to counsel.[2]

Third, this Court has already made clear it will not direct entry of a partial final judgment. The Court previously stated: "Because the order in Ademi denying partial summary judgment did not dispose of all the underlying claims and parties, and **the court did not direct (and does not intend to direct) entry of a partial final judgment**, the order denying partial summary judgment motion is simply a non-appealable interlocutory decision" (emphasis added) [ECF No. 111 at pg. 3]. In light of the Court's unambiguous statement of intent and the non-final, interlocutory character of the order, any request for the entry of a partial final judgment should be denied.

Finally, Lee Litigation's recurring failure to adhere to the Court's directives, the Federal Rules of Civil Procedure, and the applicable rules of appellate practice underscores why its requests should be rejected. Lee Litigation's insistence on obtaining absent class members' personal information despite the Court's contrary directive, coupled with its improper attempt to secure interlocutory appellate relief without meeting Rule 54(b)'s prerequisites, imposes needless burdens on Defendants and the Court.

For these reasons, the Court should deny Lee Litigation's requests in *toto*. If the Court orders any production of absent class contact information notwithstanding the foregoing, it should also require Lee Litigation to reimburse Defendants for the time, costs, and expenses necessary to compile and produce such information.

Respectfully,

  /s/Nicholas A. Pasalides

Nicholas A. Pasalides

cc: C.K. Lee (Via ECF only)

---

[1] *Harriscom Svenska AB v. Harris Cor*p., 947 F.2d 627, 629–30 (2d Cir. 1991) (citing Fed.R.Civ.P. 54(b))
[2] See *Harriscom Svenska AB*, 947 F.2d at 629–30 (citing *Curtiss–Wright Corp. v. General Electric Co*., 446 U.S.1, 8 (1980)).